Hummelman v. Mounts *et al.*

---

No. 9884.

HUMMELMAN v. MOUNTS ET AL.

DEED.—*Requisites of.*—That a writing may have effect as a conveyance of land it must contain words importing a grant.

SAME.— *Words of Conveyance.*—A writing as follows: " This indenture wit-
nesseth, that I, J. S., warrant and defend unto C. S., her heirs and assigns
forever, the receipt of which is hereby acknowledged, the following real
estate" (described), "on this condition: I, said J. S., is to have and hold
full possession of said lands during my natural life, and to hold appur-
tenances unto her and her heirs and assigns forever. Witness," etc.,
signed, sealed and acknowledged like a deed, and by the maker caused
to be recorded as such, is not effective as a conveyance.

From the Washington Circuit Court.

*H. Heffren* and *J. A. Zaring,* for appellant.

*S. B. Voyles* and *H. Morris,* for appellees.

ELLIOTT, J.—This case turns upon the question whether
the instrument copied below contains words sufficient to give
it the character of a deed. The instrument is as follows:
"This indenture witnesseth, that I, Jacob Smith, of Washing-
ton county, Indiana, warrant and defend unto Christena
Smith, of the same place, and to her heirs and assigns, the re-
ceipt of which is hereby acknowledged, the following real
estate" (here follows a description of the land), "on this con-
dition: I, the said Jacob Smith, is to have and to hold full
possession of the above described lands during my natural
life, and to hold appurtenances unto her and her heirs and
assigns forever. Witness the hand and seal of the said Jacob
Smith this 19th day of March, 1862." The instrument is
properly signed, sealed and acknowledged as a deed, and was,
by the person who executed it, caused to be recorded as such.

It is no doubt true that an instrument purporting to be a
deed will be effectual if it contains in any part apt words of
conveyance. While in all well drawn deeds the words of
conveyance are placed in the appropriate part, still, if found
in any part, the instrument will be considered to be a deed,
and, as such, enforced. *Kenworthy* v. *Tullis,* 3 Ind. 96.
While it is true that if in any part of the instrument apt words
of conveyance are used the instrument will be treated as a
deed, it is also true that if no such words can be found in
any part it will be deemed utterly devoid of force. *Davis* v.
*Davis,* 43 Ind. 561.

Instruments will be so construed as to carry into effect the intention of the parties, but there must always be sufficient words to enable the courts to ascertain from the instrument what this intention was.    Courts can not, however, make contracts for the parties.  It is not their province to write in an instrument words which will make it operate as a deed, where none of that character have been written by the parties themselves.   The rule that courts will so construe an instrument as to make it effective does not mean that courts shall inject into it new and distinct provisions.   The instrument before us contains no words of conveyance, and we have no authority to put any into it.   If the appellant was seeking the correction of a mistake, or the reformation of a writing, we should have quite a different case; but he is not doing this. He is simply affirming that the instrument is, on its face, a valid and effective deed.

Christena Smith, named in the foregoing instrument, was the daughter of Jacob Smith, and intermarried with the appellant, who urges a further claim to the real estate as her surviving husband, she having died some time subsequent to the marriage.   The claim is groundless, for it appears that at the time of Christena's death her father was living, and that he afterwards made a testamentary disposition of all his property, and this of course cut off all claim that any heir of his deceased daughter could have had.   If the surviving husband could be deemed an heir in the strict sense, he would take nothing by descent.

Judgment affirmed.

Opinion filed at the May term, 1882.

Petition for a rehearing overruled at the November term, 1882.