## STATE OF INDIANA *v.* AMERICAN INSURANCE COMPANY.

[No. 11,334. Filed December 5, 1922.]

1. APPEAL.—*Briefs.—Waiver of Error.—Failure to State Proposition or Point.*—Any error in the conclusions of law is waived on appeal by appellant's failure to state in its brief any proposition or point applicable thereto. p. 95.

2. TRIAL.—*Conclusions of Law.—Special Findings.*—A general conclusion of law must stand, unless an ultimate fact contrary thereto is found, or primary facts are found which force an inference contrary to such conclusion. p. 95.

3. TAXATION.— *Premium Income of Foreign Insurance Companies.—Retaliatory Tax.—Collection.—Conclusions of Law.— Special Findings.—Inferences.—Statutes.*—In an action against a New Jersey fire insurance company to recover certain taxes under §4806 Burns 1914, §3773 R. S. 1881, providing that where, by the law of any other state, any taxes, fines, etc., are imposed upon insurance companies of this or other states, or their agents, greater than required by the laws of this state, then the same obligations shall be imposed upon all insurance companies of such state, and their agents, where it was not found as an ultimate fact that the laws of New Jersey were of the character referred to in such section, *held* that a special finding of primary facts merely disclosing that the laws of New Jersey impose a tax on foreign insurance companies,

State *v.* American Ins. Co.—79 Ind. App. 88.

other than life, of two per centum on the gross amount of premiums received on their business within that state, with no right to deduct losses paid therein, whereas §10216 Burns 1914, Acts 1891 p. 199, the primary law of this state under which all foreign fire insurance companies are taxed, requiring such companies to pay a tax of three per centum on premium receipts, less losses paid in this state, is not sufficient to force an inference of the ultimate fact that the laws of New Jersey are such as to warrant the imposition of a retaliatory tax within §4806, so that a general conclusion of law in favor of defendant is correct. p. 95.

4. TAXATION.— *Premium Income of Foreign Insurance Companies.—Retaliatory Tax.—Statute.*—Section 4806 Burns 1914, §3773 R. S. 1881, as to taxation of foreign insurance companies operating in this state, was not enacted primarily as a revenue statute, but for the purpose of retaliation. p. 95.

5. TAXATION.— *Premium Income of Foreign Insurance Companies.— Retaliatory Tax.— Statute.— Construction.*— Section 4806 Burns 1914, §3773 R. S. 1881, providing for a retaliatory tax on foreign insurance companies operating in this state in connection with §10216 Burns 1914, Acts 1891 p. 199, the primary law under which all foreign insurance companies are taxed, requiring every such company to pay a tax of three per centum on premium receipts, less losses paid in this state, cannot be construed to permit the retaliatory tax in cases where the losses paid in the state reduce the amount of the tax to less than that imposed in a foreign state. p. 97.

6. STATUTES.—*Retaliatory Tax.—Statute.—Construction.*— Section 4806 Burns 1914, §3773 R. S. 1881, providing for a retaliatory tax under certain conditions on the premium income of foreign insurance companies operating in this state, being penal in its nature and involving the comity of states, must be strictly construed and executed with care. p. 97.

7. STATUTES.—*Retaliatory Tax.—Statute.—Construction Rendering Act Ineffective.*— Though the construction placed upon §4806 Burns 1914, §3773 R. S. 1881, renders it ineffective as a retaliatory tax because of the difference in the laws of the various states regarding the taxation of foreign insurance companies, that fact is not sufficient to justify a liberal construction of the act, the effectiveness of the law for the purpose intended being a matter for legislative, rather than judicial, consideration. p. 98.

From Marion Superior Court (A.-7,988) ; *Theophilus J. Moll,* Judge.

Action by the State of Indiana against the American Insurance Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*U. S. Lesh,* Attorney-General, and *D. F. Stansbury,* for the state.

*Seymour Edgerton, William L. Taylor* and *Jackson Carter,* for appellee.

BATMAN, J.—The following statutes of this state, enacted prior to 1904, are involved in a determination of this appeal: "Every insurance company not organized under the laws of this state, and doing business therein, shall, in the months of January and July of each year, report to the auditor of state under oath of the president and secretary the gross amount of all receipts received in the state of Indiana on account of insurance premiums for the six months last preceding, ending on the last day of December and June of each year next preceding, and shall at the time of making such report pay into the treasury of the state the sum of three dollars on every hundred dollars of such receipts, less losses actually paid within the state * * *." §10216 Burns 1914, Acts 1891 p. 199.

"When, by the laws of any other state, any taxes, fines, penalties, licenses, fees, deposits of money or securities, or other obligations or prohibitions are imposed upon insurance companies of this or other states, or their agents, greater than are required by the laws of this state, then the same obligations and provisions, of whatever kind, shall in like manner for like purposes, be imposed upon all insurance companies of such states and their agents. * * *" §4806 Burns 1914, §3773 R. S. 1881.

Appellant instituted this action under the latter statute, to recover certain taxes, alleged to have accrued in its favor against appellee from 1904 to 1914, both in-

clusive. After issues were joined, the cause was submitted to the court for trial, with a request that a special finding of facts be made, and conclusions of law stated thereon. The substance of so much of the special finding of facts as is necessary to an understanding of the question determined may be stated as follows: Appellee is now, and was continuously from 1904 to 1914, both inclusive, a corporation organized and existing pursuant to the laws of the State of New Jersey, and engaged in writing fire insurance. During each of said years it transacted a part of such business in the State of Indiana, and thereby became subject to its laws with reference to the taxation of foreign insurance companies doing business therein. During all of said period it duly complied with all the provisions of §10216 Burns 1914, *supra,* and paid all of the taxes due appellant thereunder, but has not complied with §4806 Burns 1914, *supra.* That the difference between the amount paid by appellee under said §10216 Burns 1914, *supra,* and the amount which it should have paid, if liable under said §4806 Burns 1914, *supra,* is the sum of $4,129.91, which appellant has demanded, and is seeking to recover in this action. Appellant has made no claim of appellee for additional taxes for the year 1904, 1906 and 1913 for the reason that during said years a larger sum in money was realized by applying Indiana's primary law (§10216 Burns 1914, *supra*) to its premium receipts, than would have been realized by applying its retaliatory act (§4806 Burns 1914, *supra*) thereto. In determining whether the laws of New Jersey, providing for the taxation of fire insurance companies of other states doing business therein, impose greater taxes upon companies of other states, than the laws of Indiana impose upon New Jersey companies doing business in Indiana, the auditor of state has used the following method: He has taken the premiums of all New Jersey fire

insurance companies doing business in Indiana, as reported by them, and has determined by computation the amount of revenue which each of said companies would be required to pay for each year it has been engaged in business in this state, if the laws of New Jersey be applied. In case it appears from such computation that any company for any year would be obliged to pay a larger sum under New Jersey laws, than under the primary law of this state, then a claim for such larger amount has been made for such year. In addition to the foregoing, the court stated in its special finding of facts the laws of the State of New Jersey, applicable to the taxation of fire insurance companies of other states doing business therein, in force during the period covered by the claim in suit. So much thereof as is material to a determination of the question for our consideration may be stated as follows: By an act of said state, approved March 25, 1885, provision was made for the incorporation of firemen's relief associations in the several cities, towns, boroughs, townships and fire districts in said state; §23 thereof being as follows: "That the object of corporations under this act shall be to establish, provide for and maintain a fund for the relief, support and burial of indigent exempt firemen, and their families." By an act thereof, approved May 2, 1885, it was provided that each fire insurance company, not organized under the laws of that state, that shall take insurance risks on property therein, shall, within one month after the first days of January and July in each year, pay to the treasurer of the duly incorporated firemen's relief association of each city, town, borough, township or portion of a township, or fire district in which any property may be situated, on which such company may have taken an insurance risk, the sum of two dollars upon each one hundred dollars of all premiums received by, or agreed to be paid to such company, during the six

months next preceding, for insurance against loss or injury by fire, upon property in such city, town, borough, township or portion of a township, or fire district; provision being made for such companies to take credit for any payments of percentages made, under existing laws, by their regularly appointed agents, or any brokers, who may have placed insurance therewith. It was also provided that all sums of money then in the hands of, or that might thereafter be received by, the secretary of state, from fire insurance companies, on account of the license and tax of two per centum, and of all payments in lieu of said tax, as now are or hereafter may be required by law to be paid by such companies, shall be by him distributed, on or before the first day of July in each year, in equal shares to and among the treasurers of the several duly incorporated firemen's relief associations in said state. By an act of said state, approved February 10, 1891, the following provisions were made: Section 1: "That there is hereby established a department of banking and insurance, charged with the execution of all laws now in force, or which may be enacted hereafter, relative to insurance, banking, savings, trust guarantee, safe deposit, indemnity, mortgage, investment and loan corporations." Section 5: "That this department shall be vested with all the powers and charged with all the duties, and subject to all the obligations and penalties now vested in, conferred and imposed upon the secretary of state, acting as commissioner of insurance." It was also provided that the chief officer of said department shall be dominated the "Commissioner of Banking and Insurance." On April 3, 1902, the following statute was duly enacted in said state: "Every insurance company other than life, of another state or foreign country, transacting business in this state, shall, on or before the fifteenth day of February of each year, make to the Commissioner of

Banking and Insurance, a report signed and sworn to by an officer of the company, or by its United States manager if a company of a foreign country, stating the gross amount of premiums received by such company and by each agent thereof on business of the said company in this state for the preceding calendar year and the amount of premiums returned to the insured during said year on policies canceled, and shall pay to said Commissioner on or before the 15th day of February, a tax of two per centum per annum upon such gross amount of premiums, less such returned premiums, which tax shall be in lieu of all other franchise taxes imposed upon said corporation; provided, any taxes hereafter paid to the treasurer of any firemen's relief association of this state by fire insurance companies of other states and foreign countries and their agents in accordance with the provisions of an act  *  *  *  approved May 2, 1885, shall be considered a part of the tax payable by such companies under this section, and nothing herein contained shall be construed to repeal, alter or change the provisions of said recited act.  *  *  *"

On March 6, 1906, said statute was so amended as to require such companies to include in their reports of the gross amount of premiums received "all premiums received from other companies for reinsurance of them," and also a statement of "the amount of premiums paid for reinsurance in other insurance companies of other states or foreign countries," authorized to do business in that state, and to permit such companies so reporting to deduct from the gross amount of premiums on which they are required to pay a tax of two per centum, said reinsurance premiums paid, in addition to the return premiums, as theretofore provided.  Said amended statute otherwise is the same as the original.  On the facts, as specially found, the court stated conclusions of law

in favor of appellee, on which judgment was duly rendered that appellant take nothing.  This appeal followed, on an assignment of errors which challenges each conclusion of law.

We are not required to consider the first or third conclusions of law, as appellant has waived any error therein, by failing to state any proposition or point applicable thereto.  The statement purporting to be a second conclusion of law is one of fact and not of law, and therefore will be disregarded.  This leaves only the fourth for our consideration, which is a general conclusion in favor of appellee. Section 10216 Burns 1914, *supra,* set out above, is the primary law of this state under which all foreign fire insurance companies are taxed, and is to be applied uniformly in taxing the same, unless the laws of some other state impose upon insurance companies of this or other states, or their agents, greater taxes than are imposed by the laws of this state, in which event §4806 Burns 1914, *supra,* set out above, becomes applicable.  It follows that unless it has been found, as an ultimate fact in the instant case, that the laws of New Jersey are of the character stated, or primary facts are found, which force an inference to that effect, the fourth conclusion of law must be sustained.  *Smith, Trustee,* v. *The Wells, etc., Co.* (1897), 148 Ind. 333, 46 N. E. 1000; *Mount* v. *Board, etc.* (1907), 168 Ind. 661, 80 N. E. 629.  An examination of the record discloses that such ultimate fact is not found.  Therefore we must consider whether any primary facts appear in the special finding, which force an inference of its existence.  The only primary facts found, which throw light upon this question, are those with reference to the various laws of New Jersey, which are to be considered in connection with said §10216 Burns 1914, *supra.*  It will be observed that this section of our statute provides for a tax on foreign in-

surance companies, of three dollars on every one hundred dollars of receipts received in this state on account of insurance premiums, less losses actually paid therein, while the laws of New Jersey, as found, provide for a tax on foreign insurance companies, other than life, of two per centum on the gross amount of premiums received on their business therein. The fact that foreign insurance companies, doing business in Indiana, may deduct losses actually paid therein, from their premium receipts, while foreign insurance companies, doing business in New Jersey, are not permitted to make such deductions, constitutes a marked difference in the laws of the two states, which must be taken into consideration in our determination, and renders a mere comparison of rates of little value. While said §4806 Burns 1914, *supra*, was not enacted primarily as a revenue measure, but for the purpose of retaliation, thus rendering the amount of revenue produced thereby merely incidental, as held by this court in the case of *State, ex rel.* v. *Continental Ins. Co.* (1917), 67 Ind. App. 536, 116 N. E. 929, still we must necessarily compare the amounts to be paid by foreign insurance companies, under the laws of each of the states in question, in determining which imposes the greater tax. When we come to make this comparison can we say, that three per centum on the premium receipts of an insurance company, which remain after a deduction of losses actually paid, is greater than two per centum thereon without such deduction? Clearly this cannot be said, and hence the ultimate fact on which appellant's right of recovery must be based cannot be said to be a forced inference from the primary facts found. This fact being absent from the finding, the fourth conclusion of law is correct.

Appellant, in opposing the conclusion we have reached, contends, in effect, that said §4806 Burns 1914, *supra,*

should be construed as to permit the same to ap-
5, 6. ply to every foreign insurance company during
the years in which it has suffered such losses in
its business in this state, that two per centum of the
premiums received, without deducting losses paid, will
exceed three per centum thereof, after deducting such
losses, but during the years in which this is not the
case, said §10216 Burns 1914, *supra,* shall apply. If
said §4806 Burns 1914, *supra,* should be so construed,
it would require the officer of appellant, charged with
administering its laws with reference to foreign insur-
ance companies, to look beyond said §10216 Burns 1914,
*supra,* and the laws of a foreign state, in determining
the single fact upon which said former section, by its
express provision, is made to depend, and take into con-
sideration the extent that the losses paid by each com-
pany depleted its premium receipts, thus making the
amount of such losses a controlling factor. This might,
and no doubt would, result in some instances in said
§4806 Burns 1914, *supra,* being applied to foreign in-
surance companies, not because it could be said as a fact,
that the state from which it came imposes a greater tax
upon the insurance companies of this or other states
doing business therein, but because such companies had
been unfortunate in the amount of losses paid during
particular periods. Moreover, it would result in some
insurance companies of a foreign state being required
to pay their taxes thereunder, during a given period,
while other insurance companies of the same state, and
during the same period, would be required to pay their
taxes under said §10216 Burns 1914, *supra,* contrary to
the following express provision of said former section:
"When, by the laws of any other state, any taxes
*  *  * are imposed upon insurance companies of this
or other states, or their agents, greater than are re-

quired by the laws of this state, then the same obligations * * * shall * * * be imposed *upon all insurance companies* of such states and their agents." (Our italics.)    These reasons, when considered in connection with the fact that said §4806 Burns 1914, *supra,* is not primarily a revenue measure, but a retaliatory statute, and being penal in its nature, and involving the comity of states, must be strictly construed and executed with care, as stated by this court in *State, ex rel.* v. *Continental Ins. Co., supra,* lead us to conclude that appellant's contention is not well taken.

Appellant further contends that if the conclusion we have reached be adopted, that it will render said §4806 Burns 1914, *supra,* ineffective as a retaliatory

7.    measure, because of the difference in the laws of the various states regarding the taxation of foreign insurance companies.    If this be true, it is not a sufficient reason to justify this court in applying a liberal, rather than a strict, rule of construction, contrary to the settled practice in this regard, as disclosed by the decisions cited in the case last named, in order to reach a different conclusion.    The effectiveness of the law for the purpose intended is a matter for legislative, rather than judicial, consideration.    The parties have given other reasons in support of their opposing contentions; but we do not deem it advisable to extend this opinion in order to consider the same, in view of the conclusion we have reached, as they would not lead to a different result.

Judgment affirmed.