RHODES *v.* NEWMAN.

[No. 13,432. Filed December 6, 1929. Rehearing denied March 12, 1930. Transfer denied June 5, 1931.]

502

*Walter R. Arnold* and *Isaac Kane Parks,* for appellant.
*Ralph N. Smith, Ben C. Rees* and *Russell W. Smith,* for appellee.

McMAHAN, J.—This is a suit in equity by appellant against appellee to enforce in appellant's favor a lien upon certain real estate in LaPorte County.

The facts were found specially and are, in substance, as follows: Appellant and appellee were children of

Ludwig Newman and, at the time of his death, were his sole and only heirs. On February 15, 1924, the father was the owner of certain real estate in LaPorte County, a part of which, consisting of a farm known as "The Homestead," had for many years been leased to appellee. At that date, and for many years prior thereto, the father made his home with appellee. Appellant, for many years, resided at South Bend. The father, on said day, executed a will, which was written by one Clarence E. Osborn, and by which the father gave all of his property to appellee, subject to the payment to appellant of $10,000, payable $2,000 a year, the first payment to be made within two years after the testator's death. At the suggestion of Osborn on February 15, 1924, and while said will was being written by Osborn, the father directed Osborn to prepare a deed conveying all of his real estate to appellee, subject to the payment of $10,000 to appellant in five equal annual installments, within six years of the father's death, and reserving a life estate in the father. This will, after being executed, was, on said day, delivered to Osborn for safe keeping, and Osborn placed it in an envelope on which was indorsed "Last will and testament of Ludwig Newman. Will February 15, '24." Ludwig Newman, never having learned to write, signed the will and deed in question by mark. Said deed was prepared by Osborn, and, on February 20, 1924, was signed by the father. We quote finding No. 7, in full: "After the said Ludwig Newman had signed and acknowledged the said deed, he handed it to Clarence E. Osborn and instructed him to keep the same with said will, described in Finding No. 3, and deliver the same to John Newman, grantee therein, after the death of said Ludwig Newman. That Clarence E. Osborn informed the said Ludwig Newman at the time of the execution of said will and at the time of signing said deed that he, the said Ludwig Newman, could have the said deed or

the said will whenever he asked therefor and could change either or both of said instruments at any time, and that they were his property. To which said Ludwig Newman answered, 'All right.'"

Osborn took the deed and placed it in the envelope with the will, and indorsed on the envelope, "Deed February 20, 1924." Osborn then put the will and deed in the vault of a bank where he kept other similar papers, and where he had some insurance policies belonging to Ludwig Newman. In September, 1924, appellant, with her lawyer, called on the father at his home, and, through her lawyer, told the father that the will so executed by him was invalid because of his illness and because one of the attesting witnesses was related to appellee, and urged him to make another will. On September 11, 1924, Osborn was called to the residence of the father, and, at his request, prepared another will, in which he gave appellant $10,000 to be paid from his estate within three years after his death, and giving all the remainder of his property to appellee, and stated therein that appellee and his family had assisted him in accumulating practically all of his property and made a comfortable home for him for the last 30 years. Appellee never had the deed in his possession and had no knowledge of its existence until June 22, 1926, when it was introduced in evidence by his lawyers on the trial of a case wherein appellant was contesting and seeking to set aside the will of her father, said deed at that time being introduced in evidence solely on the question of the testamentary capacity of the father.

The deed, together with the will of February 15, 1924, remained in the possession of Osborn from the time of their delivery to him until about June 1, 1926, when the envelope containing them was given to a son-in-law of appellee in the presence of appellee, and by the said son-in-law given to the attorney for appellee. Appellee

never accepted the deed as a conveyance and the same has never been recorded nor filed in the recorder's office for record. Appellant has, at all times, been willing to accept said deed as a conveyance of real estate and to have the same recorded. The father died April 12, 1925, leaving no heirs except appellant and appellee. The will dated September 11, 1924, was probated April 17, 1925, in the LaPorte Superior Court, and appellee thereafter qualified as executor and is still acting as such. On May 29, 1925, appellee tendered to appellant $10,000 in full payment of the bequest to her in the will, but she refused to accept the same. At the time the father died, he owned real estate of the value of $45,000, personal property of the value of $28,000, and owed about $2,400. It was the desire and intention of the father that appellant should have and receive only the sum of $10,000 out of his estate, and that it was not his intention that she should receive the bequest of $10,000 under his will and the further sum of $10,000 by virtue of said deed.

Upon these facts, the court concluded, as a matter of law, that the deed was never delivered by the father to appellee or to Osborn on behalf of appellee, and that the same was invalid and of no force and did not convey to appellant or to appellee any interest in or lien upon or claim to the real estate therein described. The judgment followed the conclusion.

It is to be observed that the court did not find as a fact that Ludwig Newman did or did not deliver the deed to appellee or to Osborn on behalf of appellee. The burden was on appellant to show delivery of the deed. *Schaffner* v. *Voss* (1910), 46 Ind. App. 551, 93 N. E. 235.

It is a familiar rule that material ultimate facts not found will be presumed to have been found against the

party upon whom rested the burden of proving them. *Coffinberry* v. *McClellan* (1905), 164 Ind. 131, 73 N. E. 97. In discussing the question of delivery, the Supreme Court, in *Osborne* v. *Eslinger* (1900), 155 Ind. 351, 359, 58 N. E. 439, 80 Am. St. 240, quoting from Devlin, Deeds (2d ed.), said: "'Where a grantor executes a deed, and delivers it to a third person to hold until the death of the grantor, the latter parting with all dominion over it, and reserving no right to recall the deed, or alter its provisions, it seems to be settled by the weight of authority that the delivery is effectual, and the grantee, on the death of the grantor, succeeds to the title.'" The court was there considering a case where a deed had been given into the possession of a third person, as in the instant case, and, after quoting from Tiedeman, Real Property, where the author says intention is the controlling element, said: "Where the claim of title rests upon the delivery of the deed to a third person, the deed must have been properly signed by the grantor, and delivered by him, or by his direction, unconditionally, to a third person for the use of the grantee, to be delivered by such person to the grantee, either presently, or at some future day, or upon some inevitable contingency, the grantor parting, and intending to part, with all dominion and control over it, and absolutely surrendering his possession and authority over the instrument, so that it would be the duty of the custodian or trustee for the grantee, on his behalf, and as his agent and trustee to refuse to return the deed to the grantor, for any purpose, if demand should be made upon him. And there should be evidence beyond such delivery of the intent of the grantor to part with his title, and the control of the deed, and that such delivery is for the use of the grantee. If the deed is placed in the hands of a third person, as the agent, servant, friend, or bailee of the grantor, for safe-keeping only, and not for delivery

to the grantee; if the fact that the instrument is a deed is not made known to such third person, either at the time it is handed over, or at any time before the death of the grantor; if the name of the grantee, or other description of him is not given; and if there is no evidence beyond the mere fact of such delivery of the intent of the grantor to part with his control over the instrument and his title to the land, then such transfer of the mere possession of the instrument does not constitute a delivery, and the instrument fails for want of execution."

"Nothing can be added to the facts stated in the special findings by inference or intendment unless it be matters which necessarily and inevitably follow from the facts expressly found as therein recited." *State, ex rel., v. Indiana, etc., Dairy Products* (1926), 198 Ind. 288, 153 N. E. 499.

It follows that, since the court did not find as an ultimate fact that there had been a delivery of the deed in question, such fact was not proved, unless primary facts are found which force an inference of delivery. *State v. American Ins. Co.* (1922), 79 Ind. App. 88, 137 N. E. 338.

The facts as found disclose that, on February 15, 1924, while the first will was being written, in which appellant was given $10,000, Osborn suggested that the father should make a deed, telling him that he could have the will or the deed whenever he asked for them and that he could change either or both of them at any time, as they were his property. With this statement of Osborn in mind, as to his right to have the will and deed any time he desired, that they were his property and that he could change either or both of them at any time, the father said, "All right." The will was then executed and given to Osborn for safe keeping. Osborn took the will, and, five days later, returned with the deed, and the inference to be drawn from the facts found is that Osborn repeated

to the father the statement that he could have the will or the deed whenever he asked for them and that he could change either or both of them at any time. These facts, coupled with the fact that it was not the intention of the father that appellant should receive a bequest of $10,000 under the will and the further sum of $10,000 by virtue of the deed, are more consistent with a finding that it was not the intention of the father to part with the dominion and control of the deed; that the deed was given to Osborn with the intention and understanding that it was to be held by Osborn as bailee and agent of the father, and that the latter could withdraw it any time he desired. Instead of compelling the inference that there was an actual parting with all control of the deed so as to effectuate a delivery thereof, the inference to be drawn is that the deed was not delivered for the purpose of passing title.

The court did not err in its conclusion of law.

Complaint is made of the action of the court in allowing appellee to prove the conversation between the father and Osborn at the time the first will was being written concerning the making of a deed and the right of the father to have the deed or to change either the deed or will if he desired. There was no error in this ruling. It had a direct bearing upon the intention of the father as to parting with all control and dominion over the deed.

To constitute a delivery of a deed there must be an *intention* to part with all control over the deed as its owner. *Berry* v. *Anderson* (1864), 22 Ind. 36.

Appellant further contends that, in the absence of a plea of *non est factum*, the burden was on appellee to prove the nondelivery of the deed, and that, in the absence of a finding on that question, the conclusion of law should have been in favor of

appellant. Appellant's complaint is not based upon the theory that her father delivered the deed to appellee. She alleges that her father signed and acknowledged the deed, after which it was delivered to Osborn with directions to deliver the same to appellee upon the death of the father. Appellant, by her complaint, admits there was no delivery of the deed by her father to appellee. She alleges a delivery to a third person to be by him delivered to appellee without any right of control or dominion over the deed by the father. And we hold appellant had the burden of proving such delivery.

Judgment affirmed.