MURRER *v.* MURRER ET AL.

[No. 16,103.  Filed February 27, 1939.]

*Wiggins & Hatfield,* for appellant.

*Russell E. Stewart,* for appellees.

LAYMON, J.—This is an action by appellant to quiet title to certain lands in Hancock County, Indiana. Appellees were made defendants thereto and filed an answer in general denial to the amended complaint, which was in one paragraph. Appellees also filed an amended cross-complaint, alleging in substance: That Isabelle Murrer died testate in Hancock County, Indiana, on February 17, 1936; that at the time of her death appellant and appellees Claud Murrer, Benny Murrer Brown, and Sally Murrer Alford were her sole and only heirs at law; that said appellees have an interest in the estate of said decedent by reason of their heirship; that under the terms of the last will and testament of said decedent the executor was directed to sell the real estate of which the decedent died the owner, consisting of the real estate described in appellant's complaint; that the cross-defendant (appellant) is claiming an interest in said real estate by virtue of a deed purported to have been made on July 25, 1934, which deed was not delivered or recorded until after the death of the decedent and until after the appointment of Claud Murrer as executor; that said deed

is ambulatory in character and conveys no interest in said real estate to appellant. Appellees asked that the title to said real estate be quieted in the executor of the estate of Isabelle Murrer, deceased. To this amended cross-complaint appellant answered in general denial. There was an answer of *non est factum* filed by appellee Claud Murrer to the complaint.

The issues thus formed were submitted to the court for trial, resulting in a finding and judgment in favor of appellees, that appellant take nothing by reason of his complaint, and that the title to the real estate described in the amended cross-complaint is subject to sale by appellee Claud Murrer, executor of the estate of Isabelle Murrer, deceased, in accordance with the provisions of the last will and testament of said decedent. Appellant filed a motion for a new trial, which was overruled, and this action of the trial court is the only error here assigned. The grounds in the motion are that the decision of the court is not sustained by sufficient evidence and that the decision of the court is contrary to law.

The facts which we think are pertinent to the question presented in this appeal may be summarized as follows:

On July 25, 1934, Isabelle Murrer called at the law office of John F. Wiggins and requested the preparation of a certain deed, whereupon the following deed, omitting the formal parts, was prepared by Mr. Wiggins and signed and executed by said Isabelle Murrer:

"THIS INDENTURE WITNESSETH, That Isabelle Murrer, an unmarried woman, of Hancock County, in the State of Indiana, RELEASE AND QUIT-CLAIM to Claud Murrer, to be held in trust, of Madison County, in the State of Indiana, for and in consideration of One Dollar, love and affection the receipt whereof is hereby acknowledged, the following described REAL ESTATE in Hancock County, in the State of Indiana, to-wit:

[Here follows the description of the real estate.]

"This *deed* is to be held by the grantee herein in

trust for the use and benefit of Arden Murrer, son of the grantor. Said grantee to use the rents and profits from the same and if necessary to sell and convey by good and sufficient deed, said property, the funds arising from said sale to be a trust fund in the hands of said grantee for the purpose of the care and keeping of said Arden Murrer. *It is a further condition to the passing of title in this conveyance,* that the said grantee, trustee herein, shall accept said trust and enter upon his duties thereof within three months after my death or the fee simple title without reserve is to vest in the said Arden Murrer herein named. Grantor retains a life estate in said real estate." (Our italics.)

At the direction of Mrs. Murrer this deed was left with Mr. Wiggins to be placed in his safe and was to remain there until her death, at which time it was to be delivered to either Arden Murrer (appellant) or Claud Murrer (appellee).

Mr. Wiggins testified that Mrs. Murrer did not return to his office for the purpose of obtaining the deed; nor did she ever send anyone who specifically demanded the deed, and after her death he removed the deed from his safe and gave it to the appellant.

On January 17, 1936, Isabelle Murrer duly executed her last will and testament, which was probated in the Hancock Circuit Court on February 27, 1936. Appellee Claud Murrer was appointed and qualified as executor. By the terms of her will Isabelle Murrer directed that all personal property and real estate of which she died seized should be sold and converted into cash, and all debts paid from the proceeds thereof; that from the balance, the executor was to deposit a sum not to exceed $300, in trust, to be used for the burial of Arden Murrer. The remainder of her property she bequeathed to her four children, share and share alike, with the provision that in the event of the death of any of her children, such share of such deceased child or children was to descend

to the heirs of the body of such deceased child or children, if living, and if none be living, then to be divided among the surviving heirs.

Appellee Claud Murrer testified that he called at the office of Mr. Wiggins regarding some papers belonging to his mother and had a conversation with him regarding them. Witness stated: "I asked him if he had them or had ever found them yet. That she had told me she had been up there time after time and he told her he couldn't find them and didn't have any there, and she had evidently misplaced them or something, or he had given them back to her, and he told me he would keep looking for them and was looking for them around the desk, and there was several other papers on his desk, and he looked in some of the drawers and he said he was sure he didn't have them there. He said if he ever could find them he would return them, and that is about all that was said about papers." "Q. Describe the kind of papers you were talking to him about. A. Well, this here paper that mother had made out there. She didn't know what it was, she said. She said he made out some kind of paper for her, but she knew it wasn't made out the way she wanted it, and wanted me to see if I could go up and get it for her and she told me, she said 'I could see them if I wanted to' and that is what happened there." Upon cross-examination the witness was asked if his mother had told him to come to Mr. Wiggins' office to get the deed she had made, to which the witness replied: "No, sir, because she didn't know it was a deed." Appellee Claud Murrer further testified that his mother bought the real estate in controversy in the spring of 1904, and that it remained in her name until her death.

John F. Wiggins testified that appellee Claud Murrer had called at his office "as much as two or three times" and said that he wanted his mother's papers. Witness was asked: "Q. Did you have any papers belonging to

Isabelle Murrer at that time? A. No, I didn't have any papers belonging to her. I had this deed." He further testified that Mrs. Murrer told him "to tell nobody about it and she wouldn't."

We have not set out all of the evidence bearing upon the contention that the real estate in controversy had actually been the property of appellant since the date of the original purchase with appellant's funds, for there is ample evidence to sustain the finding of the trial court against such contention.

Appellant contends that by the delivery of the quit-claim deed by the grantor, Isabelle Murrer, to John F. Wiggins, to be by him held in escrow until her death, which delivery was approximately one and one-half years prior to the execution of her will, said Isabelle Murrer thereby parted with all her right, title and interest in and to the real estate in question, excepting a life estate which she reserved to herself; that said grantor parted with all manner of control over said deed; that the delivery of said deed to John F. Wiggins constituted in effect a delivery to the grantee of said deed; and, that by the retention of the life estate therein by said grantor, it was intended to operate as an immediate conveyance and delivery.

Both our Supreme Court and this court have frequently been called upon to decide, under similar circumstances as are here presented, whether or not a deed had been delivered. The general principles that govern under such circumstances have frequently been announced by the courts. In the case of *Osborne* v. *Eslinger* (1900), 155 Ind. 351, 58 N. E. 439, our Supreme Court has reviewed a number of cases and stated the following rule (p. 360):

"Where the claim of title rests upon the delivery of the deed to a third person, the deed must have been properly signed by the grantor, and delivered

by him, or by his direction, unconditionally, to a third person for the use of the grantee, to be delivered by such person to the grantee, either presently, or at some future day, or upon some inevitable contingency, the grantor parting, and intending to part, with all dominion and control over it, and absolutely surrendering his possession and authority over the instrument, so that it would be the duty of the custodian or trustee for the grantee, on his behalf, and as his agent and trustee to refuse to return the deed to the grantor, for any purpose, if demand should be made upon him. And there should be evidence beyond such delivery of the intent of the grantor to part with his title, and the control of the deed, and that such delivery is for the use of the grantee.

"If the deed is placed in the hands of a third person, as the agent, servant, friend, or bailee of the grantor, for safe-keeping only, and not for delivery to the grantee; if the fact that the instrument is a deed is not made known to such third person, either at the time it is handed over, or at any time before the death of the grantor; if the name of the grantee, or other description of him, is not given; and if there is no evidence beyond the mere fact of such delivery of the intent of the grantor to part with his control over the instrument and his title to the land, then such transfer of the mere possession of the instrument does not constitute a delivery, and the instrument fails for want of execution."

In the case of *Emmons* v. *Harding* (1904), 162 Ind. 154, 158, 70 N. E. 142, the Supreme Court said:

"It is required that the delivery to the third person be of such a character that all dominion over the deed upon the part of the grantor should terminate. The transaction is to be distinguished from an escrow. The instrument has been lodged with the third person to await the lapse of time, and not the performance of any condition, and there is nothing to prevent it from becoming the grantor's deed presently."

There is no doubt that where a grantor executes a deed and delivers it to a third person to hold until the death of

the grantor, the latter parting with all dominion over it, and reserving no right to recall the deed, or alter its provisions, it seems to be settled by the weight of authority that the delivery is effectual, and the grantee, on the death of the grantor, succeeds to the title.

It has oftentimes been stated by both the Supreme Court and this court that in determining what will constitute a sufficient delivery, it is found that the intention is the controlling element. No particular formality need be observed, and the intention to deliver the deed may be manifested by acts, or by words, or by both. But one or the other must be present to make a good delivery.

"Where the deed is delivered to the grantee named, the law presumes it was done with an intent, on the part of the grantor, to make it his effectual deed; but if it is delivered to a stranger, and nothing is said at the time, no such inference is drawn from the act of delivery. If delivered to the grantee himself, no words are necessary, since the law presumes in such case it is for his use. If delivered to a stranger, there is no such presumption; and there must, therefore, be some evidence, beyond such delivery of his intent thereby to part with his title. But no precise form of words is necessary to declare such intent. Anything that shows that the delivery is for the use of the grantee is enough." *Osborne v. Eslinger, supra,* pp. 359, 360; *Kokomo Trust Co.* v. *Hiller* (1918), 67 Ind. App. 611, 116 N. E. 332.

Ordinarily the question as to the delivery of a deed is one of fact, but it may arise in a form to present only a question of law for the determination of the court, or it may present a mixed question of law and fact. *Somers* v. *Pumphrey* (1865), 24 Ind. 231. The burden of proving delivery in the instant case is

upon the appellant. *Rhodes* v. *Newman* (1931), 92 Ind. App. 501, 168 N. E. 879.

The evidence discloses that the grantor, at the time of the execution of the deed, left it with Mr. Wiggins to keep in his safe until after her death, with instructions to deliver the deed to appellant or to his brother, Claud Murrer. If this were all of the evidence pertinent to the question of delivery, it might be said that, under the authorities, the delivery was effectual, and that the title related back to the date when the grantor placed the deed for delivery. However, in reviewing the evidence, as disclosed by the record, bearing upon the question of delivery, we attach importance to the following facts: That there was no consideration for the deed; that the purported conveyance was purely gratuitous; that subsequent to executing the deed and leaving it in the hands of Mr. Wiggins, to be by him delivered after her death, the grantor executed her last will and testament, directing her real estate to be sold and the proceeds therefrom divided; and that Mrs. Murrer and her son, Claud Murrer, at her instance, had, on several occasions, made an effort to repossess or regain control of the papers which she had left with Mr. Wiggins. These facts are entirely inconsistent with the contention that at the time the grantor left the deed with Mr. Wiggins she intended to part with all dominion over it. It is evident that when the grantor left the deed with Mr. Wiggins she did not intend to surrender her right to the possession and control of it, because subsequently thereto she made her will disposing of the real estate in a different manner than that of the deed; and furthermore, she attempted on various occasions, through her son, to regain the possession and control of the deed.

Considering these facts, together with the further fact that there is no evidence, beyond the mere fact of such delivery, of the intent of the grantor to part with

her control over the instrument, we think the trial court was warranted in concluding that there was, in fact, no delivery of the deed by the grantor.

It is contended by appellees that the deed, under which appellant claims title, is ambulatory in character; that it partakes of a testamentary character, rather than a conveyance of title; and that since it was not properly witnessed it is invalid. The case of *Jones, Admr.* v. *Loveless* (1884), 99 Ind. 317, is cited by appellees. This contention we need not decide.

It must be observed that appellant is not named or designated as the grantee in the granting clause. Appellant claims title to the real estate in controversy by virtue of the habendum clause contained in the deed, which provides: "This deed is to be held by the grantee herein in trust for the use and benefit of Arden-Murrer, son of the grantor. . . . It is a further condition to the passing of title in this conveyance, that the said grantee, trustee herein, shall accept said trust and enter upon his duties thereof within three months after my death *or the fee simple title without reserve is to vest* in the said Arden Murrer herein named." (Our italics.) It is apparent that the grantor, in attempting to convey the real estate or any interest therein to appellant, failed to use any words of conveyance or grant. For this reason the instrument is ineffectual as a deed of conveyance, and the title to the real estate could not pass to appellant. *Davis* v. *Davis* (1873), 43 Ind. 561; *Hummelman* v. *Mounts* (1882), 87 Ind. 178.

No reversible error having been shown, the judgment is affirmed.