BILLS *v.* BOETTCHER ET AL.

[No. 17,379. Filed March 15, 1946. Rehearing Denied April 26, 1946. Transfer Denied June 6, 1946.]

632

*Herman W. Kothe, Grier M. Shotwell,* and *Owen S. Boling,* all of Indianapolis, for appellant.

*Albert Stump,* of Indianapolis, for appellees.

ROYSE, P. J.—This action arose out of a dispute between appellant and appellee Zella E. Boettcher (hereinafter designated as appellee) as to which of them were entitled to the proceeds of a life insurance policy issued by appellee Metropolitan Life Insurance Company (hereinafter designated as Insurance Company) on the life of Otto Boettcher, deceased.

Appellant commenced his action by complaint against the Insurance Company. In answer to this complaint the Insurance Company filed its motion to interplead appellee on the ground she was claiming the proceeds of said policy. The trial court sustained this motion. Thereupon appellee filed her answer under the rules to the complaint, and her cross-complaint against appellant averring she was named beneficiary of said policy August 30, 1940. Appellant answered this cross-complaint in three paragraphs of answer. The first was answer of denial under the rules. The second alleged the deceased, at the time the alleged change of beneficiary was made, did not have sufficient mental capacity to effect

a valid change. The third alleged appellee, taking advantage of decedent's mental condition, exercised undue influence over him to induce him to make her the beneficiary of said policy. Appellee filed her reply of denial to these paragraphs of appellant's answer. Thereafter, appellant filed his fourth and fifth paragraphs of answer to appellee's cross-complaint. These were on the theory appellant had acquired a vested interest in the policy before the change in beneficiary had been made. After appellee replied to these paragraphs of answer appellant filed a sixth paragraph of answer on the theory decedent was estopped from making a change in the beneficiary. He also filed a second paragraph of complaint which embodies substantially the same allegations as those contained in his answer. Appellee replied to this paragraph of answer and answered under the rules to the second paragraph of complaint.

Upon the issues thus made the cause was tried and on proper request the trial court made its special finding of facts and stated its conclusions of law thereon. Judgment in favor of appellee.

The assignment of errors here is as follows:

"1. The court erred in overruling appellant's motion for new trial.
"2. The court erred in its conclusion of law No. 1.
"3. The court erred in its conclusion of law No. 2.
"4. The court erred in its conclusion of law No. 3.
"5. The court erred in its conclusion of law No. 4.
"6. The court erred in its conclusion of law No. 5."

Appellant's motion for a new trial contains the following specifications:

"1. The decision of the court is not sustained by sufficient evidence.
'2. That the decision of the court in contrary to law."

In the interest of brevity we will consider the specifications in the motion for a new trial jointly.

Appellant first contends the Insurance Company was originally the sole defendant and as such did not demur to or answer either paragraph of complaint herein; that therefore, under § 2-1055, Burns' 1933, the facts stated therein shall be taken as true, and because, by its motion to make appellee a party defendant it admitted the amount due under the policy, judgment should have been for him against the Insurance Company—relying on the cases of *Butler* v. *Wolf Sussman, Inc.* (1943), 221 Ind. 47, 46 N. E. (2d) 243; *Rooker* v. *Bruce* (1908), 171 Ind. 86, 85 N. E. 351, and *Browning et al* v. *Merritt et al.* (1878), 61 Ind. 425. The holding those cases is not applicable to the facts in this case. In none of them was there an attempt by the defendant to bring a new party before the court.

Section 2-224, Burns' 1933, provides as follows:

> "When it is necessary for the defendant to bring a new party before the court, he may state the matter relating thereto in his answer, and demand relief; and thereupon a summons shall issue and other proceedings be had against him as if such matter had been exhibited in the original complaint."

Pursuant to this provision the Insurance Company filed its motion asking the court to make appellee an additional party defendant. In this motion it admitted it issued the policy sued upon, and that in addition to appellant the appellee is claiming that she is entitled to the proceeds of such policy. It admits there is due and payable $4,159.04 on said policy to whomever the court may determine is legally entitled thereto. We are of the opinion this was an answer as to the Insurance Company's interest in the controversy.

Appellant next contends that at the time the duplicate

policy was issued the evidence shows he was holding the original policy under a claim of right for a valuable consideration which gave him a vested interest in the policy. This requires a consideration of the evidence most favorable to appellee.

The record discloses appellant married the decedent Otto Boettcher's sister in 1898. In 1905, decedent and appellant formed a partnership to conduct a meat business in the City of Indianapolis under the name of Bills & Boettcher. There was no formal written agreement of partnership. Until sometime in 1938 all of the parties lived in appellant's home. Appellant's wife worked for them off and on and was familiar with the details of the partnership business. The evidence disclosed decedent had three life insurance policies, one for $1500.00, one for $4000.00, and one for $5000.00, this latter being the one involved in this action. In each, appellant or his wife was named as the beneficiary. Appellant carried two policies of insurance, one for $1500.00, and one for $4000.00, and decedent Otto Boettcher was named as beneficiary of these policies. It is disclosed that the $5000.00 policy, which is the subject of this action, was taken out in March, 1917. At about that time decedent came into the place of business and handed the policy to appellant, saying: "We have had a lot of bad luck and here is something that might help and something we could use for the benefit of the business." This policy was placed in the safe of the partners. The record discloses the partnership paid the premiums on the $1500.00 and $4000.00 policies of both appellant and decedent. It is further disclosed the decedent personally paid all premiums on the policy here in issue. However, it is shown appellant's wife paid the last premium on this policy but this was subsequently returned to her by the Insurance Company. The

record further discloses that for many years the business did not prosper. An expansion program failed. The business was moved three or four times. During this time each of the partners put $5000.00 additional capital in the business. From time to time money was borrowed for the business on the various life insurance policies, including the policy herein. In May, of 1939, the business was heavily in debt. Decedent about this time told the firm's bookkeeper he was going to turn the business over to appellant and sell lottery tickets where he would make much more money. About the middle of May, 1939, decedent came into their place of business and threw his keys on the meat block, saying: "There they are." Appellant asked decedent what he meant. He replied: "I'm getting out, I'm going to do something else that will make me more money than I'm getting here. I can't afford to waste my time here. You take care of the banks and the indebtedness and the place is yours." Included with the keys decedent turned over on this occasion was the key to the business safe in which the questioned policy was kept. At this time there was a loan of approximately $900.00 on said policy, the proceeds of which had been used in the business.

In August, 1939, decedent suffered severe head injuries when he was struck by a trackless trolley. Subsequently, under a disability clause, the Insurance Company waived the payment of further premiums on the policy. There was evidence that not longer than six months after the accident the deceased was mentally competent. (In this connection, while some of the pleadings and much of the evidence concerned decedent's mental capacity, appellant in his brief concedes there is sufficient evidence to sustain the court's finding that decedent was sane).

On March 3, 1940, deceased and appellee were mar-

ried. Subsequently deceased, with a Mr. Holler, went to appellant's place of business and asked for the policy and was told by appellant the policy was in the office of his attorney. Appellee then went to the attorney's office and asked for the policy. The appellant's attorney told her he did not have the policy but would not give it to her if he had. Decedent and appellee then consulted his attorney, Mr. Claycombe, as to what they could do to obtain possession of this policy. Thereafter, Mr. Claycombe conferred with appellant's attorney, Mr. Kothe, who told Claycombe his client did not want decedent to have the policy because they did not believe he had sufficient mental capacity to make a change of beneficiary. There was evidence that Kothe said if they would have a competent psychiatrist examine decedent and he reported decedent was mentally sound they would turn the policy over to him. Thereafter the parties agreed to have Dr. Carter make such an examination of decedent. He did so and made a report that decedent was of sound mind. Kothe still refused to return the policy, saying his client was not satisfied with the report. There is evidence to the effect that at no time during these discussions did appellant or his attorney assert that appellant had a vested interest in this policy. Mr. Kothe did not tell Claycombe where the policy was.

Thereupon, Claycombe advised decedent and appellee that at least so far as they were concerned the policy was lost. He advised them to make application to the Insurance Company to issue a duplicate policy. There followed considerable correspondence between the Insurance Company and Mr. Claycombe, in which the Insurance Company was fully apprised of all the facts. Decedent and appellee made an affidavit asserting the policy was lost and at the time it was lost it was in possession of appellant at his place of business. Subse-

quently a duplicate policy was issued and on decedent's written request the beneficiary was changed from appellant to appellee. Decedent died March 8, 1942. Appellant was notified by the Insurance Company it would, unless legally restrained, pay the proceeds of the policy to appellee.

To sustain appellant's contention this evidence must be sufficient to lead reasonable men to but one conclusion, that is, that at the time of the issuance of the duplicate policy and the change in beneficiary therein he had a vested right in the policy which the decedent could not defeat. In addition to authorities from other jurisdictions, appellant relies on the cases of *Stoddard* v. *Bankers Life Company et al.* (1935), 100 Ind. App. 65, 190 N. E. 628; *Carter et al.* v. *Carter* (1905), 35 Ind. App. 73, 72 N. E. 187; *McKeon* v. *Ehringer* (1911), 48 Ind. App. 226, 95 N. E. 604; *New Albany Nat. Bank et al.* v. *Brown et al.* (1916), 63 Ind. App. 391, 114 N. E. 486. An examination of these cases shows they were based on facts entirely different from those disclosed by the record in this case. In each of those cases the insured for his own benefit entered into a contract for valuable consideration with the designated beneficiary not to change the beneficiary, and then in violation of such agreement fraudulently caused the Insurance Company to do so.

In the instant case the facts as herein set out, show that from the outstart appellant individually was a mere gratuitous beneficiary. The policy contained the usual provision giving the insured the right to change the beneficiary. This policy was not at any time an asset of the partnership except only as an accommodation security for loans used in the business. Decedent paid personally all of the premiums on this policy. After the decedent left the partnership

and prior to his death appellant at no time asserted he had a vested interest in this policy. He based his refusal to deliver the policy on the mental condition of decedent. We are of the opinion there was ample evidence to sustain the finding of the court that appellant had no vested interest in the policy which would prevent decedent from making the change he did. Therefore, the decision of the court was not contrary to law.

Appellant further contends the original policy which named him beneficiary, while reserving the right in the insured to change the beneficiary, provided such change should be made in a certain specified manner; that this provision was neither followed nor waived. With this contention we cannot agree. The record discloses the change was made in accord with the provisions of the policy.

Under his second assignment of error appellant contends that Conclusions of law Nos. 1, 2 and 3 are not supported by facts properly found within the issues. These Conclusions are as follows:

"1. The defendant Insurance Company had the right to issue a duplicate of the said insurance policy.

"2. The insured had the right to change Beneficiaries and make a valid designation of Zella E. Boettcher, as the beneficiary of the said policy.

"3. The Cross-complainant, Zella E. Boettcher, is solely entitled to the proceeds of the said policy of insurance and is entitled to recover interest on the principal amount of said proceeds at the rate of six per cent per annum from April 1, 1942, to the date hereof, making the amount which she is entitled to recover $4,159.04 as principal, and $644.65 as interest, making a total amount of $4,803.69."

The finding of facts pertinent to a determination of this issue was substantially as follows: The Insurance

Company on March 23, 1917 issued its policy in the amount of $5,000.00 on the life of decedent, which policy was in full force and effect at the time of his death. The right to change the beneficiary in said policy was in full force and effect and there was no act or conduct of decedent which would operate to prevent him from exercising such right; that the policy was for safe-keeping placed in the safe of the partnership; that decedent, in August, 1940, executed an affidavit for the issuance of a duplicate policy in lieu of the original policy and the Insurance Company issued a duplicate policy substantially identical with the original policy, waiving any condition for the procurement of such duplicate policy not strictly complied with. Thereupon decedent executed a document revoking the previous designation of beneficiary and naming appellee as the beneficiary of the policy.

We are of the opinion these facts are amply sufficient to sustain the questioned Conclusions of law. We do not think there is any merit to appellant's contention that by the issuance of the duplicate policy the Insurance Company created two independent liabilities. In our opinion there was no such question before the trial court. All of the parties tried the case on the theory there was but one policy involved.

Appellant finally contends that the trial court's Conclusions of law Nos. 4 and 5 are improper in form and are not supported by the facts properly found within the issues. These Conclusions of law are as follows:

"4. The law is with the cross-complainant, Zella E. Boettcher, and against the defendant Metropolitan Life Insurance Company, upon the issues presented by said defendant's cross-complaint and said cross-defendant's answer thereto.

"5. The law is with the cross-complainant and against the plaintiff, Harry G. Bills, upon the issues presented by the cross-complainant, the answers thereto of the plaintiff, Harry G. Bills, and the reply of Zella E. Boettcher to said answers."

Appellant relies on the case of *First Nat. Bank* v. *Arnold et al.* (1901), 156 Ind. 487, 493, 60 N. E. 134, in which Conclusions analogous to those here considered were criticized. However, in that case the Supreme Court said:

"Conclusions so stated may be held sufficient in cases where it clearly appears that, upon the facts found, the law is with the party in whose favor they are announced";

Conclusions almost identical in form to those here questioned have recently been held sufficient by the Supreme Court. *Klingler et al.* v. *Ottinger et al.* (1939), 216 Ind. 9, 14, 22 N. E. (2d) 805; *State ex rel. Johnson* v. *Boyd* v. *Viets* v. *Krack* (1940), 217 Ind. 348, 363, 28 N. E. (2d) 256.

We are of the opinion the facts found clearly indicate the law is with appellee. Furthermore, while it is generally true this court has no power to add to a special finding of facts, we may, where, as in this case, the evidence is before us, give heed to a fact appearing in the evidence which does not admit of dispute, in order to uphold the judgment. In such a case the defect is one of form which, under the statute, § 2-3231, Burns' 1933, shall be deemed amended here. *Marion Trust Co., Receiver* v. *Bennett et al.* (1907), 169 346, 82 N. E. 782; *American Income Ins. Company* v. *Kindlesparker* (1936), 102 Ind. App. 445, 200 N. E. 432.

The judgment of the Superior Court of Marion County, Room 3, is affirmed.

NOTE.—Reported in 65 N. E. (2d) 495.

ON PETITION FOR REHEARING

ROYSE, P. J.—Appellant has filed a voluminous petition for a rehearing of our decision in this case. He asserts we erred in holding this action involved a dispute between appellant and appellee as to which of them were entitled to the proceeds of the life insurance policy. He says such statement decides there is but one policy involved and that appellee Boettcher was interpleaded in this cause. We agree with appellant's construction of our statement. In our opinion there is but one policy involved in this action. The term "duplicate" has a well-recognized meaning. It is an original document repeated; a document the same as another in essential particulars, it differs from a copy in being valid as an original. Webster's International Dictionary; Ballentine's Law Dictionary. The policy referred to in appellee's cross-complaint was a duplicate of the policy referred to in appellant's complaint, therefore it was the same policy. Furthermore, if the Insurance Company had in fact issued two policies, one payable to appellant and one payable to appellee, we cannot see how appellant was harmed by the judgment herein.

We adhere to the statement in our original opinion that the motion of the Insurance Company was an answer to its interest in the matter. Even if this were not true, appellant, by his failure to move for a judgment on the pleadings, waived the filing of an answer. *Butler* v. *Wolf Sussman, Inc.* (1943), 221 Ind. 47, 46 N. E. (2d) 243.

Appellant further contends we did not pass on specific questions he raised as to inconsistencies in certain of the finding of facts made by the trial court. In our original opinion we held the facts found were sufficient to sustain the questioned conclusions of law. This was

tantamount to a statement that appellant's separate contentions in reference thereto were without merit.

We find no reason for changing our original opinion. Therefore, appellant's petition for rehearing is denied.

NOTE.—Reported in 66 N. E. (2d) 131.