BOYER *v.* HADLEY

[No. 17,463. Filed June 6, 1946. Rehearing Denied October 11, 1946. Transfer Denied November 21, 1946.]

*John E. Fell,* of Kokomo, and *Owen S. Boling,* of Indianapolis, for appellant.

*McClure & Shenk,* of Kokomo, for appellee.

FLANAGAN, P. J.—On the 19th of October 1935, Dan E. Small, father of appellant and appellee herein, was the owner of certain real estate in Howard County, Indiana. On that day he went to the office of a Kokomo attorney and there had prepared a deed to said real estate naming appellee herein as grantee. He signed the deed, had it duly acknowledged, told the attorney that he did not want it delivered until his death, and asked to leave the deed there. The attorney advised Small that he had no fireproof place to put the deed and Small mentioned the name of C. V. Haworth, superintendent of the Kokomo public schools. He was told "that would be all right" and that if he left the deed with Haworth for delivery to appellee at his death he should so advise Haworth.

Soon thereafter Small went to the office of Haworth and left the deed with Haworth's secretary in an envelope on which he had written the following:

"To be delivered to Marie S. Hadley at the time of my death.
10-19-35                                    Dan E. Small."

Haworth later told his secretary to put the envelope in his safe. He did not open it and did not know its contents. It remained in his possession until delivered to appellee.

Small died intestate on June 12, 1941, leaving appellant and appellee as his sole heirs.

Three or four years prior to his death he had told appellee that Haworth had an envelope that was to be delivered to her at his death. He did not tell her the contents of the envelope and she did not know he had made a deed. After his death, on June 17, 1941, appellee went to Haworth's office and upon Haworth's instruction the envelope was delivered to her by his secretary. She proceeded to have the deed recorded.

Thereafter appellant brought this action to quiet title to an undivided one-half interest in the real estate described in the deed above mentioned, and for partition. The trial court found the facts specially, stated its conclusions of law thereon and rendered judgment against appellant. She properly excepted to the conclusions of law and in due course filed her motion for a new trial which was overruled.

The principal question presented by this appeal is whether the above facts show an effectual delivery of the deed in question.

The applicable rule is clearly and succinctly stated by Justice Mitchell in the case of *Goodpaster* v. *Leathers* (1890), 123 Ind. 121, 23 N. E. 1090:

"Where a grantor signs and acknowledges a deed and deposits it with a third person, to be delivered by him to the grantee at the death of the grantor, without reserving to himself any right to control or record the instrument, if the deed is afterwards delivered to the grantee the title passes, and the deed ordinarily takes effect by relation as of the date of first delivery."

See also *Kokomo Trust Co.* v. *Hiller* (1918), 67 Ind. App. 611, 115 N. E. 332.

Applying the above rule to the facts of the instant case the inescapable conclusion is that there was an effectual delivery. Small did sign and acknowledge the deed in question and deposit it with Haworth. The written instructions on the envelope were clear and specific to the effect that the deed was to be delivered by Haworth to the grantee upon the death of the grantor. The grantor did not reserve to himself any right to control or record the instrument. The deed was afterwards delivered to the grantee.

Appellant cites and relies on the cases of *Osborne* v. *Eslinger* (1900), 155 Ind. 351, 58 N. E. 439; *Rhodes* v. *Newman* (1931), 92 Ind. App. 501, 168 N. E. 879; and *Murrer* v. *Murrer* (1939), 106 Ind. App. 304, 19 N. E. (2d) 494. But each of those cases present facts which clearly distinguish them from the case at bar, and neither of them attempts to modify or change the rule as above set forth. In each case the evidence showed an intent on the part of the grantor to retain control of the deed.

Appellant also complains of the form of the conclusions of law which are as follows:

"1. That the law is with the defendant.
"2. That plaintiff take nothing in this action, and defendant have judgment for costs."

Conclusion number two is not a conclusion of law at all. Conclusion number one is a generalization insufficient to satisfy the rule that a specific conclusion of law should be stated upon every issue of fact formed by the pleadings and tried by the court. *First Nat'l. Bank* v. *Arnold* (1901), 156 Ind. 487, 60 N. E. 134.

However this court and our Supreme Court have held that such a conclusion may be sufficient in cases where it clearly appears that upon the facts found the law is in favor of the party in whose favor they are announced. *Bills* v. *Boettcher* (1946), 116 Ind. App. 631, 65 N. E. (2d) 495, 66 N. E. (2d) 131; *Klinger* v. *Ottinger* (1939), 216 Ind. 9, 22 N. E. (2d) 805; *State* v. *Boyd* (1940), 217 Ind. 348, 28 N. E. (2d) 256.

In this case only one issue was presented. The only question tried was whether there was an effectual delivery of the deed in question. Therefore there could be no doubt as to the applicability of the conclusion of law "that the law is with the de-

fendant." Its effect necessarily was that there was an effectual delivery. Appellant therefore was not harmed by the form of the conclusion of law.

Judgment affirmed.

NOTE.—Reported in 66 N. E. (2d) 903.