## CARTER ET AL. *v.* CARTER.

[No. 4,757.   Filed November 1, 1904.   Rehearing denied January 13, 1905.   Transfer denied March 10, 1905.]

1.   PLEADING.—*Departure.*—Where plaintiff declares in her first paragraph of complaint upon a mutual life policy payable to her, and defendant answers that the insured took out a new policy afterward and made defendant the beneficiary, and the defendant also files a cross-complaint on his policy, and she answers such cross-complaint

and replies to defendant's answer by setting out an antenuptial contract providing that in consideration of marriage the insured made her the beneficiary, and that the defendant's policy was issued in violation of the insurer's by-laws, and without consideration, and that the insured at the time of procuring defendant's policy was of unsound mind, such reply was not a departure, and if it had been, it would be harmless as the facts were all provable under the answer to the cross-complaint.  p. 77.

2.  INSURANCE.—*Mutual Life.—Beneficiary.—Rights.*—A beneficiary of a mutual life policy does not acquire by reason of that fact alone a vested interest in such policy, since the assured may ordinarily change the beneficiary at will, in accordance with the rules of the order. p. 77.

3.  SAME.—*Mutual Life.—Rules.—Right of Member to Contract.*— Where the rules of a mutual life company do not limit a member's right to contract, he may contract with other parties as his interest may dictate, and the company may be compelled to recognize such contract.  p. 78.

4.  SAME.—*Mutual Life.—Rules.—Beneficiary.—Contract.*—Where the rules of a mutual life company permitted a member to receive a new certificate if the original were "lost or beyond his control," and that fact shown by affidavit, and a member executed an antenuptial contract making his intended his beneficiary, and, after marriage, did procure his certificate payable to her, and afterwards by a false affidavit procured a new certificate payable to his brother, such wife is the rightful owner of such insurance, such certificate being in his "control" and not "lost."   p. 78.

From    Floyd Circuit Court;    *Perry E. Bear,* Special Judge.

Action by Delia L. Carter against George A. Carter and others.    From a judgment for plaintiff, defendants appeal. *Affirmed.*

*L. A. Douglass* and *G. H. Voigt,* for appellants.
*Herter & Hester,* for appellee.

ROBY, P. J.—Suit instituted by appellee against the Supreme Lodge Knights of Honor, William H. Carter and George A. Carter.    The supreme lodge filed its verified interpleader, in which it stated upon information and belief the death of William B. Carter, who was a member of its order, and admitted its liability to pay to the proper bene-

ficiary the sum of $2,000 on account thereof. It further alleged that it was unable to determine to whom said sum should be paid, and made a detailed statement of facts supportive of such conclusion. Said sum was ordered to be paid into court, and the defendants Carter directed to set up their respective rights thereto. The lodge made such payment and was discharged from further liability. Thereafter appellee filed "an amended and supplemental complaint" in four paragraphs. The first paragraph contained averments showing the issuance of a benefit certificate in said lodge for $2,000 to William B. Carter, who was her husband, the same being payable to her at his death, and that said lodge had paid said sum into court for the party entitled thereto. Wherefore, etc. A copy of the certificate was filed, appellee being named therein as the beneficiary.

The second paragraph, in addition to the foregoing facts, sets up the making of an antenuptial contract between appellee and William B. Carter, and that such contract provided, among other things, that he should make over to her, as soon as she became his wife, the benefit certificate held by him in said supreme lodge; that she thereafter, in consideration thereof, did marry him, and that in compliance with his agreement he surrendered the certificate then held by him, and procured a new one to be issued, payable upon his death to her; that said certificate is in force, has never been paid, and that she is entitled to said sum.

In the third paragraph a conspiracy between appellant George A. Carter and said William B. Carter is averred to have existed, in carrying out which said William B. Carter fraudulently, and without her knowledge, procured the issuance of another certificate by said supreme lodge, payable to George A. Carter, who had full knowledge of the certificate held by her, of the antenuptial contract aforesaid, and who gave no consideration therefor.

In the fourth paragraph it is further charged that at the time William B. Carter procured the issuance of the last-

named certificate he was over seventy-five years of age, of unsound mind, and incapable of managing his own affairs, as George A. Carter knew, and that the issuance of said new contract was unduly procured by him.

Various pleadings were filed by William H. Carter, who was an original defendant, and by certain intervenors, but none of such parties are interested in this appeal. These pleadings will not, therefore, be further referred to and the word appellant will be used as relating to George A. Carter alone. Appellant's demurrer to the second, third and fourth paragraphs of this "amended and supplemental complaint" was sustained. He thereupon filed an answer to the first paragraph, in the second paragraph of which he admitted the issuance of the benefit certificate payable to appellee as set out in her complaint, and in connection therewith he avers that by the constitution of the Knights of Honor, a copy of which is filed with the pleading, it is provided that "if the benefit certificate of a member be lost or beyond his control, the member may in writing surrender all claims thereto, and direct that a new certificate be issued to him, payable to the same or other beneficiary, in accordance with the laws of the order, upon making affidavit of the facts, and paying a fee of fifty cents, to be forwarded by the subordinate lodge, with the affidavit to the supreme reporter." Facts are further pleaded showing a compliance by William B. Carter with the terms of said provision, and the issuance in accordance therewith of a new certificate payable to appellant. Appellee, replying to this paragraph of answer, the other paragraphs not being material at this time, set up the same facts in substantially the same form as in those paragraphs of her complaint to which demurrers had been sustained. Appellant also filed a cross-complaint, in which he counted upon the benefit certificate in terms made payable to him, and issued in place of the certificate sued upon by appellee. Appellee, in answering such cross-complaint, duplicated, except as to formal parts thereof, those paragraphs of

the complaint to which the demurrer had' previously been sustained and the corresponding paragraphs of her reply filed by her. Demurrers to these pleadings were overruled. The case was submitted to trial. Judgment was rendered for appellee that she have and recover the $2,000 in the hands of the clerk, and that she recover her costs.

1. No attempt has been made to bring the evidence to this court. The sole questions presented are those arising upon the pleadings. Appellant asserts that the replies to his answer which set up a right to the fund in controversy by virtue of the antenuptial agreement are departures, and that the demurrers to them should have been sustained, the right relied upon in the complaint being only that arising from the certificate. If the order in which such facts were presented was erroneous, the error was invited by appellant, his demurrer having been sustained to those paragraphs of complaint based upon the antenuptial contract. It was also a harmless one in so much as the same facts admissible under the averments of the reply were also provable under appellee's answer to appellant's cross-complaint. *Whiteley, etc., Co.* v. *Bevington* (1900), 25 Ind. App. 391. But the new matter set up in reply tended to avoid the new matter in the answer—*i. e.,* the issuance of a certificate superseding that held by appellee stated in the answer—and it was therefore proper matter to reply. §360 Burns 1901, §357 R. S. 1881.

2. The substantial argument made by appellant is, however, based upon the assumption that he has a right to assert the same defenses against appellee's claim to the fund which the supreme lodge might have asserted against her in an action upon the certificate to which the other claimants were not parties. It is undoubtedly true that the beneficiary in such certificate does not acquire by reason of that fact alone a vested right therein *(Masonic, etc., Soc.* v. *Burkhart* [1887], 110 Ind. 189) ; and that the member had power to change the beneficiary in accordance with the rules of the

order.  *Milner* v. *Bowman* (1889), 119 Ind. 448, 5 L. R. A. 95.

3.  These propositions are not of controlling importance in this case.  Appellee's claim to the fund does not depend upon them.  No provision of the constitution of the order purports to limit the right of its members to contract.  The member may contract with other parties as his interest or choice may dictate, and in a proper case the society may be compelled to recognize such contract.  *Smith* v. *National Benefit Soc.* (1890), 123 N. Y. 85, 25 N. E. 197, 9 L. R. A. 616; *Hellenberg* v. *District, etc.* (1884), 94 N. Y. 580; *Leaf* v. *Leaf* (1891), 92 Ky. 166, 17 S. W. 354; *McGrew* v. *McGrew* (1901), 190 Ill. 604, 60 N. E. 861; *Webster* v. *Welch* (1901), 68 N. Y. Supp. 55; *Jory* v. *Supreme Council, etc.* (1894), 105 Cal. 20, 38 Pac. 524, 26 L. R. A. 733, 45 Am. St. 17.

4.  The power of changing the beneficiary is independent of, and does not destroy, such contract.  The owner of real estate has the absolute power of alienation thereof, but such power does not invalidate an agreement relative to its future disposition, and a conveyance made to a volunteer does not prevent the courts from decreeing specific performance in a proper case.  The provision of the constitution may only be invoked "if the benefit certificate of a member be lost or beyond his control."  The affidavit upon which appellant's certificate was issued was untrue, the certificate held by appellee not having passed beyond his control.  Holding it by virtue of a consideration and a contract, the possession of such certificate by appellee was equivalent to its possession by the member.  *McGrew* v. *McGrew, supra.*

No reason for the reversal of the judgment has been presented, and it is therefore affirmed.