STODDARD *v.* BANKERS LIFE COMPANY ET AL.

[No. 14,716.   Filed June 7, 1934.   Rehearing denied October 1, 1934.   Transfer denied February 21, 1935.]

Alfred Martin, Walter R. Arnold, and John Crumpacker, for appellant.

Loring & Loring, and Daly & Freund, for appellees.

WOOD, J.—The appellee, Wade Stoddard, brought suit by his amended complaint in one paragraph against his co-appellees and the appellant, to have an alleged fraudulent transfer to appellant, of a life insurance policy issued by the appellee Bankers Life Company upon the life of one Hubert S. Stoddard, designating Wade Stoddard as beneficiary, set aside, and to recover the sum due under said policy as such beneficiary. To this complaint the appellee, Uncapher, filed an answer in general denial, and a second paragraph of answer alleging that he did not have possession of the insurance policy; that he had delivered it to the appellant as beneficiary thereunder. The appellee insurance company filed an answer by way of inter-pleader, in which it admitted its liability on the policy; that a controversy existed between the appellant and appellee Wade Stoddard regarding the proceeds of the policy; that they be required to inter-plead between themselves regarding their respective rights; that upon the payment of the proceeds of the policy into court, said insurance company be discharged from further liability; and that it be allowed a reasonable attorney's fee to be paid out of the fund. The appellant filed a cross-complaint in two paragraphs, making all the appellees parties. defendant thereto, in which she set up her alleged right

to the proceeds of the policy. The appellee Uncapher filed an answer in general denial to this cross-complaint. The appellee insurance company filed an answer to appellant's cross-complaint, denying all allegations therein, except as in said answer admitted. The appellant filed an answer in general denial to Wade Stoddard's complaint, also, to all cross-complaints and affirmative answers. Wade Stoddard filed an answer in general denial to the cross-complaint of appellant, and a reply in general denial to the separate affirmative answers of the appellee insurance company and Uncapher.

On these issues the cause was tried to the court without a jury. At the request of appellant the court found the facts specially and stated its conclusions of law thereon.

The finding of facts so far as it is necessary to refer to them for the purpose of this opinion disclose: That appellee Wade Stoddard and Hubert S. Stoddard, hereinafter designated as the insured, were brothers. The insured was indebted to his brother in an amount aggregating $5400. In July, 1915, Wade Stoddard made demand upon the insured for payment of this indebtedness. Insured was unable to pay, but agreed that if no suit was instituted to collect, that the indebtedness should not outlaw, and that he would, as soon as able, procure a policy of insurance on his life in the sum of $10,000.00 designating Wade Stoddard as beneficiary and deliver the policy to Wade Stoddard, as security for the indebtedness owing to him from insured, the insured to pay the premiums therefor and the premiums thereafter as they matured. Wade Stoddard relied upon this promise and withheld suit to collect the indebtedness. July 30, 1930, Bankers Life Company issued and delivered a policy of insurance in the sum of $5000 to the insured, as of April 21, 1930,

which policy contained this clause: "The insured is Hubert S. Stoddard, the beneficiary Wade Stoddard, brother of the insured, if living otherwise as hereinafter designated, with the right of the insured to change the beneficiary." This policy in compliance with the agreement theretofore entered into was delivered to Wade Stoddard in August, 1930, and was accepted by him as security for the debt owing by the insured. Appellant was present when the policy was delivered to Wade Stoddard and knew that he was named the beneficiary therein. Appellant and the insured were married July 26, 1930. The fact of this marriage was withheld from Wade Stoddard and his wife until after the death of the insured. On the false and fraudulent representation of the insured that he wanted possession of the policy for the purpose of having a provision inserted therein, providing for the payment of double indemnity in the event of death of insured by accident, thereby furnishing better security for the indebtedness, with a promise that the policy would be returned to him immediately upon completion of the change and for no other purpose, Wade Stoddard surrendered the policy to insured in December, 1930. The policy already contained a double indemnity clause, but Wade Stoddard was not aware of that fact. May 13, 1931, the insured with the assistance and co-operation of appellant, executed an application for change of beneficiary in the policy, designating appellant as beneficiary in lieu of Wade Stoddard. May 15, 1931, the company made the change in beneficiaries pursuant to the application. This was all accomplished without the knowledge or consent of Wade Stoddard. The policy was never returned to him though he often requested it, but was found in the office of insured after his death June 11, 1931. In April, 1930, appellant procured a policy of insurance upon her life from Bankers Life

Company in the sum of $2000. Insured paid the premium on this policy. Her mother was named as beneficiary therein. July 15, 1930, appellant caused the beneficiary in this policy to be changed to insured, as an inducement to him, to designate her as beneficiary in his policy in lieu of Wade Stoddard. All the time of their marriage the insured was indebted to appellant, but in what amount is not found by the court. The insurance company at all times, acknowledged liability on the policy of insurance and paid the proceeds due thereunder into the office of the clerk of the court for the benefit of the party found entitled thereto. The court found that $100 was a reasonable fee for the attorneys representing the insurance company.

On this finding of facts the court concluded the law to be: (1) That the delivery of the policy on the life of the insured, to Wade Stoddard, constituted an equitable assignment of all interest therein to Wade Stoddard and that it thereby became an executed contract; (2) that Wade Stoddard held a valid vested interest in the policy from the date of its delivery to him; (3) that the attempt to change the beneficiary was without right and unlawful; (4) that the signed statement for the purpose of changing the beneficiary to appellant should be canceled; (5) that the endorsement of change of beneficiary to appellant should be canceled; (6) that Wade Stoddard was entitled to the proceeds of the policy; (7) that appellant take nothing by her crosscomplaint; (8) that the insurance company should receive the sum of $100 out of the proceeds of the policy to reimburse it for attorney fees laid out and expended. Appellant excepted to each conclusion of law separately and severally. Judgment was rendered in conformity to the conclusions of law. Appellant filed a motion for a new trial alleging as causes: that the decision of the court was contrary to law; the decision of the court

was not sustained by sufficient evidence; error of the court in the exclusion of evidence, and error of the court in allowing the insurance company attorneys fees to be paid out of the proceeds of the policy. This motion was overruled. Appellant appeals assigning as error for reversal, each one of the conclusions of law and the overruling of her motion for a new trial.

The controlling question for determination in this appeal, is whether or not upon the facts presented by the record, the appellee Wade Stoddard, named as beneficiary, in the policy of life insurance issued by his co-appellee Bankers Life Company upon the life of his brother Hubert S. Stoddard, had an indefeasible vested interest in said policy, of such a character, that he could not be deprived thereof, without his knowledge and consent.

The Bankers Life Company is what is generally known as an old line life insurance company. Life insurance policies executed by companies of this kind, made payable to a designated beneficiary, create an absolute vested interest in such beneficiary, in the policy, from the date of its issuance, delivery and acceptance, of which he cannot be divested without his consent, unless the policy contains a provision authorizing the insured to change the beneficiary. *Indiana, etc., Life Ins. Co.* v. *McGinnis* (1913), 180 Ind. 9, 101 N. E. 289. The policy in the case before us reserved the right in the insured to change the beneficiary. Appellant insists that the reservation gave the insured the right without the knowledge or consent of the named beneficiary to make a change at any time and as often as he saw fit, that Wade Stoddard as the named beneficiary had no indefeasible vested interest in the policy; that when the insured obtained the policy of insurance, naming Wade Stoddard as beneficiary, and delivered to him as security for the debt

owing to him (Wade Stoddard), insured did all he agreed to do; and that the acceptance of the policy with the condition authorizing the change of beneficiary by the insured, prevented a vesting of indefeasible rights in the named beneficiary. As applied to a voluntary gratuitous beneficiary, appellant's position would undoubtedly be correct. That is not the rule, however, where for a valuable consideration passing from the named beneficiary to the insured, a policy of insurance is issued upon the life of the insured and delivered to the beneficiary, who delivers the consideration as agreed upon. Under such circumstances equity invests the beneficiary with a vested interest in the policy, which it will protect, and of which he cannot be divested by the insured without his knowledge and consent. *Carter* v. *Carter* (1905), 35 Ind. App. 73, 72 N. E. 187; *McKeon* v. *Ehringer* (1911), 48 Ind. App. 226, 95 N. E. 604; *New Albany National Bank* v. *Brown* (1916), 63 Ind. App. 391, 114 N. E. 486; *Stronge* v. *Supreme Lodge, etc.,* (1907), 189 N. Y. 346, 82 N. E. 433; *Supreme Council Royal Arcanium* v. *Tracy* (1897), (Ill.), 48 N. E. 401; *Jory* v. *Supreme Council, etc.,* (1894), 105 Cal. 20, 38 Pac. 524; *Leaf* v. *Leaf* (1891), 92 Ky. 166, 17 S. W. 354; *Supreme Council, etc.,* v. *Murphy et al.* (1903), 65 N. J. Eq. 60, 55 Atl. 497; *Smith* v. *National Benefit Soc.* (1890), 123 N. Y. 85, 25 N. E. 197, 9 L. R. A. 616; *Hill* v. *Groesbeck* (1901), (Col.), 67 Pac. 167; *Gillham* v. *Estes* (1910), 158 Ill. App. 211; *McGlynn* v. *Curry* (1903), 82 N. Y. App. 431, 81 N. Y. S. 855.

In the case of *McKeon* v. *Ehringer, supra,* a father agreed with his daughter (appellee), that in consideration for her paying dues and assessments on a benefit certificate, issued to him by a mutual benefit association, he would name her as beneficiary. The daughter accepted the offer and performed her part of the agree-

ment. Thereafter the father was married, and fraudulently substituted his wife as beneficiary. Lairy, J., speaking for the court (p. 231), after stating that "The general rule seems to be that a person who is a mere volunteer beneficiary, named in the certificate issued by a mutual benefit society upon the life of one of its members, acquires no vested rights in the proceeds of such certificate until the death of the member occurs. . . . Where, however, a contract exists between the member of a mutual benefit society, on whose life a benefit certificate has been issued, and the beneficiary named therein, whereby it has been agreed that said beneficiary should be named in such certificate, on consideration that he would pay the dues and assessments on said benefit certificate, or that he would render to such member some other valuable consideration therefor, and where such contract has been fully performed, and such consideration rendered on the part of the beneficiary, the courts recognize the equities arising in favor of such a beneficiary, and will protect them as against a person who has been substituted as a beneficiary, and who has no superior equities in his favor." (Citing authorities.)

"This proposition," he continued, "seems to be abundantly sustained by the authorities." He then reviewed, commented upon and quoted from the case of *Stronge* v. *Supreme Lodge; Supreme Council* v. *Tracy; Jory* v. *Supreme Council; Smith* v. *National Benefit Society, supra; McGrew* v. *McGrew* (1901), 190 Ill. 604, 60 N. E. 861, with approval.

It is the duty of the courts to ascertain the intention of parties to a contract, and give effect to the intent when ascertained. This rule applies to insurance ■■ as well as other contracts, except that as applied to insurance contracts, where there is doubt or ambiguity, a liberal rule applies in favor of the insured, and the beneficiaries. *Modern Woodmen, etc.,* v. *Miles*

(1912), 178 Ind. 105, 97 N. E. 1009; *Mutual Life Ins. Co.* v. *Guller* (1918), 68 Ind. App. 544, 119 N. E. 173; *Colt* v. *Hicks* (1933), 97 Ind. App. 177, 179 N. E. 335. There can be no difference in applying the rules of construction to a life insurance contract, so far as the right to change beneficiaries is concerned, whether it is a contract issued by an old line company or a mutual benefit association. In each instance the right depends upon the terms and conditions contained in the contract of insurance, and not upon the character of the company or association issuing the contract. *Love* v. *Clune* (1897), 24 Colo. 237, 50 Pac. 34; *Elkhart Mutual Aid, etc.,* v. *Houghton* (1885), 103 Ind. 286, 2 N. E. 763; *Willcuts* v. *The Northwestern Mutual Life Ins. Co.* (1882), 81 Ind. 300; 1 Joyce, on Insurance, sec. 207, p. 279; *Hill* v. *Groesbeck, supra.* So even though the contract of insurance involved in the case of *McKeon* v. *Ehringer, supra,* and cases quoted from therein, were issued by mutual benefit associations, the principles of law announced in those cases defining the rights of beneficiaries would apply in the instant case where the contract of insurance reserving the right to change the beneficiary was issued by an old line company.

It was not until after the appellant had changed the beneficiary in the policy on her life to the insured, that, with her knowledge and consent, the insured ██ delivered the policy upon his life to Wade Stoddard, the named beneficiary, to secure indebtedness owing by insured to him. No present consideration passed from the appellant to the insured as an inducement for the change of the beneficiary. The indebtedness which the appellant insists the change of beneficiary was made to secure was a pre-existing debt. This would not be sufficient to make the appellant a holder for value as against appellee Wade Stoddard. "A pre-existing debt is not a sufficient consideration to

constitute a pledgee a holder for value." The fact that the insured obtained possession of the policy from Wade Stoddard for a temporary purpose through fraud and deceit would not divest him of the interest which he had in the policy as beneficiary. The appellant under the facts in this case is in no position to profit from the fraudulent acts of the insured. *New Albany Nat'l Bank* v. *Brown; Supreme Council* v. *Tracy, supra.*

The appellee Wade Stoddard had an insurable interest in the life of insured, who was his debtor, even though the debt which the policy was given to secure was barred by the statute of limitations. 2 Joyce, on Insurance, sec. 953, p. 1093; 1 Mayon, on Insurance, sec. 108; 14 R. C. L. sec. 101, p. 924, 37 C. J. sec. 63, p. 395, and authorities cited.

Appellant complains of the eighth conclusion of law in which the trial court allowed the attorneys for the insurance company a fee in the sum of $100 and ordered it paid out of the fund of $5000. The co-appellees of the insurance company are not making any complaint because of this action of the court. The conclusion we have reached makes it unnecessary for us to consider or express an opinion upon that phase of this case.

Appellant has waived all other alleged causes for a new trial, except the ruling of the court, on the exclusion of proffered evidence, for failure to discuss them in her brief. The court did not err in excluding the evidence.

Finding no error the judgment is affirmed.

Kime, J., concurs; Smith, Curtis, J. J., dissent.