**Julian B. ALLEN, Appellant
(Petitioner Below),**

v.

**Yvonne Pate ALLEN, Appellee
(Respondent Below).**

**No. 3–184A21.**

Court of Appeals of Indiana,
Third District.

April 22, 1985.

F. Laurence Anderson, Jr., Gary, for appellant.

Thomas A. Clements, Saul I. Ruman & Associates, Hammond, for appellee.

STATON, Presiding Judge.

Julian B. Allen appeals the trial court's judgment in awarding child support and distributing the marital property in the dissolution of Allen's marriage to Yvonne Pate Allen.

Allen presented five issues for review which we restate as follows:

  I.  Did the trial court err in adopting verbatim the wife's proposed findings of fact and conclusions of law as the court's final judgment?

  II.  Did the trial court err in ordering the husband to amend a life insurance trust to give a greater proportion of benefits to the parties' minor child?

  III.  Are proceeds from a life insurance trust marital property subject to disposition?

  IV.  Did the trial court abuse its discretion in ordering the husband to pay $1,500.00 per month in child support?

  V.  Did the trial court abuse its discretion in awarding the wife $25,-000.00 cash as a property settlement to be paid by the husband within 30 days?

We affirm.

The Allens were married in September of 1981 and Mr. Allen filed for dissolution in November, 1982. One child was born of the marriage in August, 1982. Mr. Allen is a practicing attorney with an income of approximately $5,000.00 per month at the time of dissolution. He earned an additional $10,000.00 per year as a member of the State Board of Law Examiners. His net worth coming into the marriage was between $230,000.00 and $250,000.00. Mrs. Allen brought into the marriage household goods and furnishings and an automobile. She was employed as an airline flight attendant with a salary of approximately $18,000.00 per year. During the marriage the parties shared responsibility for household expenses with the wife contributing the majority of her income to marital expenditures. Mrs. Allen had no access to or accounting of the majority of her husband's income aside from the specified expenses which he paid each month.

### I.

The husband first claims error in the trial court's verbatim adoption of the wife's proposed findings of fact and conclusions of law as the court's judgment in the case. The husband has raised this error for the first time on appeal. While we have no doubt of the acceptability of the trial court's action, since the question was not before the trial court in the Motion to Correct Errors, the issue is waived, and we need not consider it further. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

### II.

The husband maintained several life insurance policies with a total face value of $450,000.00. The court ordered him to make the couple's child, Lauren, the beneficiary of $250,000.00 of that amount and to transfer to the wife ownership of $250,-000.00 of that amount and to transfer to the wife ownership of policies representing that amount. The husband argues that all of the life insurance is in a trust which requires the trustee to pay the death bene-

fits to his mother and in equal amounts to all of his children.[1] The trust document is included in the record, provided in response to the wife's Interrogatories and Motion to Produce, but the document was not admitted into evidence at trial, and the husband offered no evidence concerning the status of the insurance policies or his ability to amend or transfer the policies. The wife testified she felt the insurance was necessary to provide for their child's future in view of the fact that the child was nine months old at the time of trial, and the husband was fifty-two years old.

The husband relies upon principles of trust law for the proposition that the intent of the settlor of a trust should be honored in so far as is possible. *See* IC 30-4-1-3 (Burns Code Ed.). We find the husband's argument and authorities inapposite for the reason that the rule argued for applies to the construction of trusts. *See Hinds v. McNair* (1980), Ind.App., 413 N.E.2d 586, 599. The construction, validity or invalidity of the purported trust was not in issue here. The husband made no argument at trial nor does he make any argument on appeal that he is unable to comply with the order. In fact, the terms of the trust provide that the Trustor (Allen) may at any time revoke the agreement in whole or in part and amend it from time to time in any respect. Furthermore, the Trustor retains all rights under the insurance policies including the right to change the beneficiaries.

The husband's argument is essentially that the court has discriminated in favor of one child at the expense of his other children. This amounts to a claim that the trial court abused its discretion in ordering Allen to make his daughter the beneficiary of $250,000.00 in life insurance.

■ The trial court has broad discretion in determining how minor children will be provided for by divorcing parents. *Herron v. Herron* (1983), Ind.App., 457 N.E.2d 564, 568. The trial court must consider the station in life of the parties and the particular facts and circumstances in the case.

*Geberin v. Geberin* (1977), 172 Ind.App. 255, 360 N.E.2d 41, 46. In addition, IC 31-1-11.5-12(c) (Burns Code Ed.1980) permits the court, as part of the child support order to set apart such portion of the property of either parent or both parents as may seem necessary for the support of the child. On review we will disturb a child support provision only where an abuse of discretion is clearly shown. *In Re Marriage of Rupp* (1983), Ind.App., 449 N.E.2d 1164, 1167.

■ The trial court had before it evidence that the husband maintained $450,-000.00 in life insurance; that he was fifty-two years old at the time of trial and his daughter was nine months old. Four of Allen's other children were apparently emancipated; (his financial statement showed no child support obligations for children by previous marriage) one child aged seventeen lived with Allen. From the disparity in age between Allen and his youngest child, Lauren, the court could have reasonably concluded that provision for her future was warranted. Case law supports ensuring a child's support by ordering a parent to maintain life insurance for the child's benefit, *Kirk v. Kirk* (1982), Ind.App., 434 N.E.2d 571, 572, and we see no abuse of discretion in the trial court's order in this case.

### III.

■ In a related argument Allen argues that the life insurance proceeds are not a marital asset subject to distribution. We find this argument to be meritless for several reasons. In the first place, to the extent that the court ordered Lauren to be made the beneficiary of $250,000.00 worth of life insurance, the court was making a provision for child support—not a disposition of property. The effect is no different than if the court had ordered Allen to obtain a new policy in that amount for Lauren's benefit, a provision which, as we have already seen, is perfectly proper. To the extent that Allen has ownership rights in

---

1. Allen has five other children in addition to the child born of this marriage.

the policies which permit him to pledge them as security for debts, transfer or cash them or change beneficiaries, he has property[2] which is subject to the court's authority under IC 31-1-11.5-12(c) as we noted above. Moreover, to the extent that such policies constituted a property right, including the cash value which the court found to be $25,000.00, the court could properly award ownership of the policies designated for Lauren's benefit to the wife. This is quite unlike the situation in *Metropolitan Life Insurance Co. v. Tallent* (1983), Ind., 445 N.E.2d 990, cited by the husband, in which the Supreme Court held that the husband's group term life insurance policy, with no cash surrender value, was not property within the statutory definition of property for purposes of determining marital assets. *Id.* at 991. The question in *Tallent* was ownership of the proceeds of the policy where the husband had changed the beneficiary from his wife to his mother during the pendency of the dissolution proceedings. Holding that a restraining order prohibiting the parties from disposing of marital property did not apply to the change of beneficiary the Court said:

> "In the case at bar, the appellee had, prior to the change in beneficiary, a mere expectancy in the proceeds. Had there been lifetime benefits associated with the policy, such as a cash surrender value, we believe under our statutory definition of property as well as the guidance provided by *Succession of Jackson, supra* [ (1981) La.App., 402 So.2d 753], decedent would have been precluded by the restraining order from exercising those benefits in such a manner as to dispose of their value. However, even in that case, the restraining order would not have acted as a bar to the decedent's right to change the beneficiary of the policy."

*Id.* at 993. The Court also noted that "... nothing in our disposition ... would prohibit a trial court from ordering a designated beneficiary to secure either child support or the division of property pursuant to IC 31-1-11.5-15." *Id.*

Based upon the foregoing, we find no error in the trial court's order designating Lauren the beneficiary of life insurance proceeds of $250,000.00. Furthermore, to the extent that cash surrender values and dividends rendered the policies property interests, ownership of the policies was properly distributable to the wife.

## IV.

The wife received custody of the child and the husband was ordered to pay $1,500.00 per month in child support. Because of the wife's occupation as an airline flight attendant the evidence shows that child care expenses could run between $600.00 and $800.00 per month if the wife were scheduled for overnight flights. The wife testified that overnight trips were more lucrative and that she would need to accept such assignments in order to support herself and the child. She also testified that she believed $1,000.00 per month would be the minimum necessary for Lauren's support and that an additional $400.00 to $500.00 would allow her to forego the overnight trips and spend more time with her child. The husband argues that if the wife does not take overnight assignments, child care expenses will be lower and the award should be adjusted accordingly.

▮▮▮ The determination of child support is committed to the discretion of the trial court as we have said previously. *Herron v. Herron, supra.* It is proper for the trial court to consider the standard of living the child would have enjoyed had the parties not divorced, *Wendorf v. Wendorf* (1977), 174 Ind.App. 172, 366 N.E.2d 703, 705, taking into account the parents' property and ability to earn money. *Geberin v. Geberin, supra*, 360 N.E.2d at 46. The

---

2. IC 31-1-11.5-2(d) for dissolution of marriage purposes defines property:

"The term 'property' means all of the assets of either party or both parties, including a present right to withdraw pension or retirement benefits...."

financial resources of both the custodial and the non-custodial parent are relevant in child support cases and should be included in the totality of the circumstances considered in making the award. *Tucker v. Tucker* (1980), Ind.App., 406 N.E.2d 321, 324.

■ The trial court took into consideration the wife's income of approximately $18,000.00 per year, the husband's income of $70,000.00 per year, and the standard of living the child would have enjoyed if the marriage had not been dissolved. The court concluded that in accordance with IC 31–1–11.5–12 the husband should pay $1,500.00 per month. The husband presented no evidence to suggest that his child could be supported on a lesser amount, nor any evidence that the requested amount would impose an undue hardship upon him.

Finding no abuse of discretion warranting reversal, we affirm the trial court's award of child support.

### V.

■ The husband challenges the property disposition provision which ordered him to pay the wife $25,000.00 within thirty days. Husband's argument that the thirty-day time limit constitutes a hardship was not raised or addressed in the Motion to Correct Error and therefore will not be addressed on appeal.

The balance of the husband's argument focuses on the "injustice" of awarding the wife a $25,000.00 share of the marital property. The thrust of the argument is that this figure exceeds her contributions to the marital estate because she had already recovered the personal belongings she brought into the marriage and any other contributions she may have made were offset by the contributions made by the husband. Since the majority of the property comprising the marital estate was brought into the marriage by the husband and there was no significant accumulation of property during the marriage, the husband claims the wife is not entitled to so large an award.

The trial court considers more than the contributions of the parties in its discretion to divide the marital property. IC 31–1–11.5–11(b) directs the court, in determining what is just and reasonable to consider the following factors:

"(1) The contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

(2) The extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

(3) The economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property; and

(5) The earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties."

■ To constitute an abuse of discretion, it must be shown that the trial court's decision was clearly against the logic and effect of the facts and circumstances before the court. *Church v. Church* (1981), Ind.App., 424 N.E.2d 1078, 1080. We find no such abuse in the present case. The wife testified that she hoped to purchase a condominium to make a home for herself and daughter but that she did not have the funds to make a downpayment. Taking into consideration the relative economic circumstances of the parties; the disparity in their earning abilities; the fact that the wife contributed all of her income to the marriage while the husband retained the bulk of his for his personal use; the court concluded that the wife should receive $25,000.00 or approximately 10% of the marital estate. Though the marriage lasted only fourteen months, the wife expended whatever savings she had on mari-

tal expenses and exhausted more than ten years of accumulated sick leave and benefits during pregnancy leave. Her financial condition was reduced from what it was when she came into the marriage; and she had the care and custody of a child. The husband has failed to demonstrate any abuse of discretion in the court's disposition of the marital property.

Finding no error in the trial court's order, we affirm.

HOFFMAN and GARRARD, JJ., concur.