**In the Matter of Clarence D. BOLDEN, Jr.**

**No. 784S279.**

Supreme Court of Indiana.

Oct. 29, 1985.

Michael J. Siegel, Indianapolis, for respondent.

Gregory M. Fudge, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This cause was initiated pursuant to Admission and Discipline Rule 23, Section 12, by the filing of a three count complaint charging the Respondent, Clarence D. Bolden, with professional misconduct. Specifically, the Disciplinary Commission of this Court has charged that the Respondent has violated Disciplinary Rules 1–102(A)(3), (4), (5) and (6), 5–103(B), 6–101(A)(3), 7–101(A)(3) and 9–102(B)(3) of the *Code of Professional Responsibility for Attorneys at Law.*

The parties now have tendered to this Court a "Statement of Circumstances and Conditional Agreement for Discipline." Additionally, the Respondent has submitted his affidavit pursuant to Admission and Discipline Rule 23, Section 17(a).

Upon review of the matters before us, this Court now accepts and approves the Conditional Agreement for Discipline filed by the parties in this cause and accordingly finds, as to Count I, that the Respondent was admitted to the Bar of this state in 1976. In November of 1981, the Respondent was retained by Nelson C. Stigger to organize a business. In exchange for his legal work, the Respondent was to receive 16.5% interest in the venture. Stigger and another investor, Dr. R.G. Shepard, each placed in Respondent's care $500.00, representing their respective interests of 16.5% each. These funds were to be kept in Respondent's trust account until all remaining shares were sold. Due to several problems, the venture was never started. Thereafter, the Respondent failed to promptly return the funds to the investors or to render an appropriate accounting as requested. He did return the money to Shepard in September of 1983 and to Stigger in August, 1983.

As to the Count II, the parties have agreed, and this Court finds, that the Respondent was retained to represent Norman Warner in a matter in the Marion County Municipal Court. On the morning of the day set for trial, the Respondent was informed that his client was in the hospital and could not appear. The Respondent appeared as scheduled, and the trial court issued a rearrest warrant because of Warner's failure to appear. Thereafter, at a hearing on the rearrest warrant on September 21, 1982, the Respondent was in another courtroom on an unrelated matter when Warner's case was called; Warner was incarcerated during this hearing.

As to Count III, we find that, in 1982, the Respondent was retained by Richard Connor to defend AAA Auto Sales in an action brought by Sharon Thurman. After entering into a settlement agreement which AAA Auto Sales failed to meet, the Respondent entered into a second settlement agreement, this time without the consent or approval of his client. Pursuant to this latter agreement, the Respondent tendered two checks drawn on Respondent's personal account to Thurman's counsel. The second check, made for $150.00 and postdated, was returned due to non-sufficient funds in Respondent's account.

Under Count IV, we find that between December 8, 1982, and February 1, 1983, the Respondent issued approximately 18 bank drafts on an account with First Federal Savings and Loan Association, Indianapolis. These drafts were all returned due to non-sufficient funds in Respondent's account. We find also that, in December of 1982, Mark Coleman obtained a judgment for $280.00 against the Respondent. Coleman's claim was also based on a bank draft issued by the Respondent and returned due to non-sufficient funds in Respondent's account.

The parties agree, and this Court finds, as to Count V that Sheila Lillard retained the Respondent to defend her on six counts of check deception pending in the Hamilton County Court. After being rescheduled several times, the trial was set for May 9, 1984. On that date, the Respondent informed the court that he was unable to locate his client; the court issued a warrant for her arrest. Lillard later contacted the Respondent; he obtained her new address and telephone number but did not advise her of the arrest warrant. Upon learning on her own about the warrant, Lillard surrendered voluntarily and contacted the Respondent. The Respondent stated that he would check with the court about this matter, but thereafter did nothing on behalf of his client.

This Court concludes, as agreed by the parties, that the Respondent has engaged in misconduct and has violated the *Code of Professional Responsibility*. The Respondent has repeatedly neglected clients and their interests; he has breached his fiduciary duty by failing to account for and promptly return funds belonging to others;

and he has engaged in conduct that reflects negatively on his fitness to practice law and on the entire profession. Under these circumstances, this Court finds that the agreed discipline, suspension from the practice of law for a period of not less than six (6) months, is appropriate and should be approved.

IT IS, THEREFORE, ORDERED that the Respondent, Clarence D. Bolden, Jr., is suspended from the practice of law for a period of not less than six (6) months, beginning November 29, 1985.

Costs of this proceeding are assessed against the Respondent.

SHEPARD, J., not participating.