**Jeryl HAMILTON and Marvin Hamilton, Appellants (Plaintiffs Below),**

v.

**William Joseph DuBOIS and Patricia DuBois, Appellees (Defendants Below).**

No. 3–885–A–218.

Court of Appeals of Indiana, Third District.

April 15, 1986.

---

**5.** Florence's complaint, R. 17

**6.** MacDonald's answer, R. 23

Jay T. Hirschauer, Hirschauer & O'Neill, Logansport, for appellants.

Branch R. Lew, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellees.

STATON, Presiding Judge.

Jeryl and Marvin Hamilton (the Hamiltons) appeal from a negative jury verdict in their action to recover damages from an auto accident. The Hamiltons' car was struck by an automobile driven by William DuBois and owned by his mother, Patricia (the DuBoises). The following issues are presented to us for review:

(1) Whether the trial court erred by not withdrawing the issue of contributory negligence from the jury;

(2) Whether the trial court erred by permitting a police officer to testify that he did not issue a traffic citation in connection with the auto accident; and

(3) Whether the trial court erred by giving certain jury instructions regarding:

the duty of motorists to maintain a lookout; the foreseeability of a mechanical failure of a car; the possibility of a sudden emergency; and contributory negligence.

Affirmed.

## I.

### Contributory Negligence

On June 8, 1984, the DuBoises' car failed to stop at a stop sign and struck the Hamiltons' vehicle broadside. Mrs. Hamilton was injured and the damage to her car exceeded its worth.[1] At the time of the accident, DuBois testified that when he attempted to stop, his brakes suddenly and unexpectedly failed. DuBois argued that the collision, however, was proximately caused by Mrs. Hamilton's excessive speed, failure to keep a proper lookout, and failure to take evasive action.[2] At the conclusion of all the evidence, the Hamiltons moved the trial court to remove the issue of contributory negligence from the jury. See Ind. Rules of Procedure, Trial Rule 50. That motion was denied because the trial judge believed that the allegations concerning Mrs. Hamilton's negligence were sufficient so that the jury could decide the issue.

On appeal from a negative judgment where the issue of contributory negligence is raised, the standard of review was reported by Judge Conover as follows:

---

1. The DuBoises have admitted that as a result of the accident, the Hamiltons have sustained the following damages: $345.77 medical; $852.33 lost wages; and $2,345.35 auto.

2. At the time this action was brought, contributory negligence was a complete defense. In 1985, Indiana adopted a modified comparative negligence statute. IC 1973, 34–4–33–3 (Burn's Code Ed., Supp.1985).

On appeal from a negative judgment where the issue of contributory negligence is raised, we review not only as to whether the verdict was contrary to law, but also as to whether there was sufficient evidence to sustain the verdict as to the contributory negligence issue. *Brock v. Walton*, (1983) Ind.App., 456 N.E.2d 1087, 1091. When reviewing a trial court's action on a T.R. 50(A) motion for judgment, we must consider only the evidence and reasonable inferences most favorable to the non-moving party. *Jones v. Gleim*, (1984) Ind., 468 N.E.2d 205, 206–07. *Dettman v. Sumner* (1985), Ind.App., 474 N.E.2d 100, 103.

█ In the present case, there was much testimony regarding Mrs. Hamilton's speed at the time of the accident, and whether or not she maintained a proper lookout. These matters were vigorously contested at trial which gave rise to a reasonable inference supporting DuBois' contention that Mrs. Hamilton was contributorily negligent. Quite correctly then, the trial court denied the T.R. 50 motion, and submitted the fact questions pertaining to Mrs. Hamilton's speed and awareness to the jury for resolution. *State v. Edgman* (1983), 447 N.E.2d 1091, *trans. den.* (judgment on the evidence is not appropriate where there is substantial evidence or legitimate inference derived therefrom to support an essential element of the claim); *Searcy v. Manganhas* (1981), Ind.App., 415 N.E.2d 142, *trans. den.* (there must be a complete failure of proof before judgment on the evidence is granted). Thus, the trial court did not err in its decision to deny the T.R. 50 motion.

## II.

### Officer Testimony

At trial, the police officer who investigated the accident was asked to testify. He opined, without objection by the Hamiltons, that based on his observations at the accident scene, his conversation with a mechanic who examined the brakes on the DuBois car, and his own test of the brakes, the cause of the accident was brake failure. The Hamiltons did object, however, when the officer was asked whether or not he issued a traffic citation to DuBois. This objection was overruled and the officer testified that he did not issue a ticket to DuBois for his failure to stop at the stop sign. The Hamiltons urge us to conclude that their objection was erroneously overruled.

Questions regarding the admissibility of evidence are addressed to the sound discretion of the trial court, and its determination whether to include or exclude evidence will not be reversed unless clear abuse of its discretion is demonstrated. *State v. Hall* (1982), Ind., 432 N.E.2d 679. (DeBruler, J., dissenting on other grounds). When confronted with an abuse of discretion claim, we determine whether the trial court's decision was clearly against the logic and effect of the facts and circumstances before it. *Allen v. Allen* (1985), Ind.App., 477 N.E.2d 104.

█ In the instant case, the trial court did not abuse its discretion by allowing the police officer to testify about the traffic ticket. The objection made by the Hamiltons at trial was that the testimony regarding the ticket was not probative because a traffic citation is a criminal and not a civil matter, and that the degree of proof required for each is different.[3] This argument did not persuade the trial court which expressly asked the Hamiltons why the officer's testimony regarding the ticket was not probative of his opinion as to the cause of the accident. Given that the officer's

---

**3.** The Hamiltons incorrectly identified the standard. The behavior of a driver at a stop sign is governed by IC 1980, 9–4–1–110 (Burn's Code Ed., Supp.1985). A violation of that statute is a class C infraction, IC 1980, 9–4–1–127.1 (Burn's Code Ed., Supp.1985), which is proven by a preponderance of the evidence standard, IC 1980, 34–4–32–1(d) (Burn's Code Ed., Supp. 1985), rather than the criminal standard of beyond a reasonable doubt. *See, Viccaro v. City of Fort Wayne* (1983), Ind.App., 449 N.E.2d 1161. Thus, by itself, failure to stop at a stop sign is a civil and not a criminal matter.

opinion had just been received into evidence without objection, we do not conclude that the court's decision allowing the officer's testimony regarding the ticket was clearly against the logic and effect of the facts and circumstances before it. *Allen, supra.* See also, State v. Edgman, supra (reversal cannot be predicated on merely cumulative evidence).

In their brief, the Hamiltons argue this issue differently than they did at trial. Now they contend that the question regarding the traffic ticket is objectionable because it calls for an opinion and conclusion of the investigating officer. Such statements are inadmissible under *Lee v. Dickerson* (1962), 133 Ind.App. 542, 183 N.E.2d 615 (police officer was no more of an expert than the jury to decide who was responsible for an automobile collision).[4] It is well settled that on appeal the grounds for objection to the admission of evidence must be the same as the grounds asserted at trial. *Gradison v. State* (1973), 260 Ind. 688, 300 N.E.2d 67; *Clouse v. Fielder* (1982), Ind.App., 431 N.E.2d 148 *reh. den.* The rule from those cases applies to the present one, and accordingly, this issue must be waived. Thus, either on absence of abuse of discretion or on variance grounds, there is no cause for error by the trial court for admitting all of the police officer's testimony.

### III.

#### Instructions

The trial court did not adopt the jury instructions tendered by either the Hamiltons or the DuBoises. Instead, the trial court prepared its own instructions, drawing heavily from those submitted by the parties. At trial and on appeal, the Hamiltons complain that four instructions were erroneously read to the jury.

4. The Hamiltons' reliance on *Lee v. Dickerson, supra,* is misplaced. That case held that a non-expert police officer's opinion which invaded the province of the jury was inadmissible. Here, the police officer's conclusion as to the cause of the accident was admitted without ob-

#### A.

#### Lookout

The Hamiltons argue that the following instruction was erroneously given because there was no basis for it in the evidence.

#### INSTRUCTION NO. 13

It is the duty of motorists on public highways to keep and maintain a lookout for that which is visible or that which in the exercise of due care would be visible.

The failure of a motorist to maintain a lookout in such a manner as to enable them to see what a person of ordinary prudence under the same or similar circumstances would have seen may constitute negligence.

(S.R. 2).

As discussed in *Thornton v. Pender* (1978), 268 Ind. 540, 377 N.E.2d 613, *reh. den.,* every motorist has a duty to maintain a proper lookout. Whether a driver complied with the standard of ordinary care to keep a lookout under the facts of the case is a question for the jury. *Id.,* 377 N.E.2d at 617; *See also, Brock v. Walton* (1983), 456 N.E.2d 1087 (Buchanan, C.J., dissenting).

In the instant case, the record reveals that Mrs. Hamilton was familiar with the intersection, which is partially obscured from view by surrounding buildings. At the time of the accident, she testified that she did not notice the DuBois car until it struck her car, nor did she hear the DuBois car approaching even though her car window was open. Under these circumstances, there was a basis in the evidence for the giving of Instruction 13.

In addition, we note that since Instruction 13 correctly states the law, any error in giving the instruction based on a lack of evidence is harmless. *Chaffee v.*

jection. As in *Charlie Stuart Oldsmobile, Inc. v. Smith* (1977), 175 Ind.App. 1, 369 N.E.2d 947, when evidence comes in without objection, a party on appeal cannot say that the evidence should not have been considered.

*Clark Equipment Co.* (1985), 480 N.E.2d 236, *reh. den.* (Staton, P.J., dissenting on other grounds).

## B.

### *Mechanical Failure*

The Hamiltons contend that the trial court also erroneously read Instruction 15 to the jury. That instruction is as follows:

### INSTRUCTION NO. 15

An individual is not bound to anticipate or foresee any mechanical failure on the part of his automobile which was not outwardly apparent in the exercise of reasonable care or which he could not reasonably anticipate. If you find that the accident in question was the proximate result of a brake failure which could not be anticipated, then such brake failure may not constitute negligence by the defendants.

(S.R. 3).

■ In support of their contention, the Hamiltons refer us to several cases which for various reasons, are not persuasive. The instruction in *Stull v. Davidson* (1955), 125 Ind.App. 565, 127 N.E.2d 130, *reh. den.* (sitting in banc) stated that the victim of a car accident was not bound to foresee mechanical failure of the other car. The present instruction addresses not the victim, but rather the operator of the car that struck the Hamiltons. Similarly, we note the diversity between the case at bar and the other cases referred to us.

The instruction given in *Rentschler v. Hall* (1946), 117 Ind.App. 255, 69 N.E.2d 619, *trans. den.* (sitting in banc), and *Turrell v. State* (1943), 221 Ind. 668, 51 N.E.2d 359, both involved interpretation of statutory language governing the mechanical standard for automobile brakes.[5] That standard is not in question in the present case. Also, since we are not told why we should turn to these cases or how they are applicable, we do not find them instructive.

Finally, we are directed to *Ryan v. Leach* (1966), 139 Ind.App. 14, 215 N.E.2d 877. That case involved a mandatory instruction regarding brake failure where contributory negligence was not an issue. The instant case is clearly distinguishable from *Ryan* because it does not involve a mandatory instruction and contributory negligence has been raised as a defense. Thus, unlike *Ryan,* where mechanical failure was the only defense, if contributory negligence, no matter how slight, was a proximate cause of the accident, the Hamiltons would not recover. Because there was considerable evidence regarding brake failure presented at trial and because this instruction correctly states the law, it was not error for the trial court to give Instruction 15.

## C.

### *Sudden Emergency*

Hamilton also assigns error to Instruction 16, which is as follows:

### INSTRUCTION NO. 16

You are instructed that a person confronted with a sudden emergency, not of his own making, without sufficient time to determine with certainty the best course of action to take to avoid an accident, is not held to the same standard of care or accuracy of judgment as would be required of him if he had a reasonable amount of time to deliberate upon a course of a conduct. Accordingly, under the law of this state, if such person exercises such care as an ordinarily prudent person would exercise when confronted with a like sudden emergency, he is not liable for any injury which results from his conduct, event [sic] though it now appears, by hindsight, that another course of conduct may have been more prudent or safer, or might even have avoided the injury altogether.

---

5. *See,* Section 47–2228, Burns' 1940 Replacement (now codified as IC 1980, 9–8–6–32 (Burns Code Ed.).

The error claimed by the Hamiltons is that evidence justifying a sudden emergency was lacking. The evidentiary record reveals that a can of brake fluid was observed to be in the back seat of the DuBoises car and from this, the Hamiltons argue, a reasonable and prudent person should have had knowledge of the defective condition of the brakes. Such knowledge by the DuBoises, the Hamiltons continue, would not allow them to qualify for the sudden emergency doctrine as discussed in *Stein v. Yung* (1985), Ind.App., 475 N.E.2d 52, *trans. den.*

The evidentiary record in this case also contains testimony that the brakes were working without any indication of problems immediately before the accident and that the DuBoises were not aware that anything was wrong with the brakes.

■ Thus, the evidentiary record provides a basis for Instruction 16, which, therefore, was correctly given to the jury. We believe that the Hamiltons' complaint about this instruction is merely an invitation for us to reweigh the evidence or judge the credibility of witnesses, which we will not do. *Hanas v. Rasmussen* (1985), Ind.App., 484 N.E.2d 63. (Hoffman, J., dissenting on other grounds).

### D.

#### *Contributory Negligence*

■ The final instructional error alleged by the Hamiltons is that Instruction 24 did not make it clear that the burden of proof of contributory negligence is on DuBois. Indiana Rules of Procedure, T.R. 9.1(A). The burden of proof of contributory negligence was, however, covered in Instruction 6. Since we review all of the instructions as a whole, *Spratt v. Alsup* (1984), Ind. App., 468 N.E.2d 1059, *trans. den.*, and the omission complained of in Instruction 24 was adequately included in another instruction, there is no cause for error. *Chaffee v. Clark, supra.*

Affirmed.

HOFFMAN, J., concurs.

GARRARD, J., concurs with Opinion.

GARRARD, Judge, concurring.

I concur with the majority, but I believe a word of explanation is necessary concerning the standard for admissibility of the evidence concerning the police officer's failure to ticket the driver of the DuBois auto.

The majority simply states that questions regarding the admissibility of evidence are addressed to the sound discretion of the trial court. Similar language has appeared in other cases. *See, e.g., United Farm Bureau Mut. Ins. Co. v. Cook* (1984), Ind. App., 463 N.E.2d 522; *Pilkington v. Hendricks Co. REMC* (1984), Ind.App., 460 N.E.2d 1000.

In my view such statements are overbroad. It is where the evidence is arguably objectionable on relevancy grounds that the trial court is invested with discretion. *Spears v. Aylor* (1974), 162 Ind.App. 340, 319 N.E.2d 639. The general rule remains that a party is entitled to introduce evidence that does not suffer some other disabling feature.