Dona MEECE, Appellant
(Defendant below),

v.

Shirley B. MEECE, Individually; Christopher Nathan Meece, by his next of friend, Shirley B. Meece; Melisa Donette Meece, by her next of friend, Shirley B. Meece; and Melisa Donette Meece, Individually, Appellees (Plaintiffs below).

No. 54A01–8603–CV–53.

Court of Appeals of Indiana,
First District.

Aug. 5, 1986.

Gary D. Sallee, Indianapolis, for appellant.

David E. Lawson, Howard, Lawson & Lowry, Danville, for appellees.

ROBERTSON, Presiding Judge.

Appellant-defendant Dona Meece (Dona) appeals the trial court's summary judgment order which granted the proceeds of a life insurance policy covering the life of Donald Meece, Dona's deceased husband, to appellee-plaintiffs Christopher and Melisa Meece (Appellees).

We affirm.

The undisputed facts show that Donald Meece (Insured), now deceased, was first married to Shirley. Upon the dissolution of their marriage in June 1978, Insured agreed to designate their two children as beneficiaries to a $20,000 life insurance policy on his life as part of the negotiated property settlement agreement.

Donald (Insured) later married Dona and, without the knowledge or consent of Shirley, her children or the dissolution court, substituted Dona as the policy beneficiary. The policy itself reserved to him this right. Upon Insured's subsequent death in December 1984, Appellees learned of the beneficiary substitution and brought suit against Dona, successfully recovering the life insurance proceeds for the benefit of the two children.

Dona now appeals with two issues which we have combined and restated as whether Appellees had an indefeasibly vested interest as beneficiaries of the policy which could not be divested without their knowledge and consent.

We believe the present case is controlled by *Stoddard v. Bankers Life Co. et al.*, (1934) 100 Ind.App. 65, 190 N.E. 628, which followed earlier Indiana cases in determining that where a beneficiary exchanges valuable consideration for the future proceeds of a specific policy with the

insured, "equity invests the beneficiary with a vested interest in the policy, which it will protect, and of which he cannot be divested by the insured without his knowledge and consent." *Id.* at 70–71, 190 N.E. 630. *See also: McKeon v. Ehringer,* (1911) 48 Ind.App. 226, 95 N.E. 604 and *Carter v. Carter,* (1905) 35 Ind.App. 73, 72 N.E. 187. Here, as stated by the trial court, the requisite consideration derives from the property settlement agreement, where after negotiating and balancing by both Shirley and Insured, Insured agreed to retain the appellee children as beneficiaries to the policy.

Dona further argues IND. CODE 27–1–12–14(a) permits an insured with a reserved right of revocation, as relevant here, to designate a new beneficiary. However, as provided in the statute, this right is "subject to any existing assignment of the policy." *Id.* We find the property settlement agreement precludes Insured's right of revocation pursuant to this statutory condition. We are also unpersuaded that our determination will create mass confusion in the life insurance industry by disrupting swift payments to beneficiaries as Dona alleges.

■ While conceding that Insured violated the property settlement agreement, Dona lastly argues the proper relief for Appellees was a contempt of court proceeding in the dissolution court when Insured changed the beneficiaries. She alleges Appellees "sat on their rights and took no action to protect their interests." However, this last argument fails since the undisputed facts show that Appellees had no knowledge of Insured's substitution of beneficiaries. We are likewise unwilling to hold that a contempt proceeding must be brought against a decedent, especially where a more logical forum, such as the present one, exists.

Review of a summary judgment order is limited to whether any genuine issue of material fact exists and whether the law was correctly applied. *Penwell v. Western & Southern Life Insur. Co.,* (1985) Ind. App., 474 N.E.2d 1042. Due to the undisputed facts and our conclusion that Appellees had an indefeasibly vested interest in the policy, the trial court's order will stand.

Judgment affirmed.

RATLIFF and NEAL, JJ., concur.