Georgia FITZGERALD,
Appellant/Defendant,

v.

TRAVELERS INSURANCE CO.,
Appellee/Plaintiff,

Alice A. Fitzgerald, Natural Guardian
of Ann D. Fitzgerald,
Appellee/Cross–Complainant.

No. 14A04–9001–CV–35.[1]

Court of Appeals of Indiana,
Fifth District.

March 5, 1991.

Rehearing Denied April 5, 1991.

1. This case was reassigned to this office on January 2, 1991.

**160**

Mary B. Goss, Washington, for appellant, defendant.

Jeffrey B. Kolb, Emison Doolittle & Kolb, Vincennes, for appellee, plaintiff.

BARTEAU, Judge.

This is an appeal of an interpleader action brought to settle a dispute between two parties over the proceeds of a life insurance policy. We consolidated the four issues raised into two issues:

(1) Whether a provisional agreement and order in a dissolution action survives the death of one of the parties; and

(2) Whether there was an equitable transfer of interest in the life insurance policy?

We reverse.

### FACTS

On January 1, 1980, Travelers Insurance Company issued Charles Fitzgerald (Charles) a life insurance policy in the amount of $10,000. His wife, Alice Fitzgerald (Alice), was the designated beneficiary.

On July 24, 1987, Charles filed for dissolution of his marriage to Alice.

On January 18, 1988, the dissolution court entered an order dissolving the marriage but reserving the property issues until a later date.

On January 23, 1988, Charles married Georgia Fitzgerald (Georgia).

On February 11, 1988, Charles, in accordance with the provisions in the Travelers policy, designated Georgia the new beneficiary.

On February 22, 1988, Travelers changed the beneficiary on the policy from Alice to Georgia.

On March 21, 1988, the trial court set aside the order granting dissolution of the marriage. On that date, Alice, in person and by counsel, and Charles, by counsel, entered into a provisional agreement that was approved and made an order of the court. The provisional order provided in part that Charles, who was in the hospital at the time:

> (S)hall obtain or secure a life insurance policy on his life, at his cost, in a minimum sum of Thirty Thousand Dollars ($30,000.00) with his minor child, Ann D. Fitzgerald, to be the beneficiary of said policy, and ... [Charles] ... shall maintain said life insurance policy during the pendency of this action and until further Order of this court.

On May 3, 1988, Charles died without obtaining or securing a $30,000 life insurance policy for the benefit of Ann.

Both Georgia and Alice (as the mother and natural guardian of Ann) claim to be the only person entitled to receive the proceeds of the Travelers policy. Travelers filed an interpleader action naming Georgia and Alice as defendants and paid the face value of the policy into the court. Following an evidentiary hearing, the court issued findings of fact and conclusions of law which determined that the provisional order was a valid and binding transfer of the beneficial interest in the Travelers policy to Ann and created an equitable interest in her behalf. Consequently, the court ordered the proceeds of the Travelers policy paid to Alice on behalf of Ann, the minor child.

### STANDARD OF REVIEW

■ In reviewing a case tried to a court without a jury, the judgment of the trial court will not be disturbed unless it is clearly erroneous. *University Casework Systems, Inc. v. Bahre* (1977), 172 Ind.App. 624, 362 N.E.2d 155. Clearly erroneous means that, although there is evidence to support the trial court's decision, the record leaves the reviewing court with the definite and firm conviction that a mistake has been committed. *Kincaid v. Lazar* (1980), Ind.App., 405 N.E.2d 615; *Cornett v. Cornett* (1980), Ind.App., 412 N.E.2d 1232.

### I.

### PROVISIONAL ORDER

■ It is initially necessary to determine whether a provisional order in a dissolution action is enforceable after the death of one of the parties to the action. This appears to be a question of first impression in Indiana. The statutory authorization for provisional orders is found in I.C. 31–1–11.-5–7(f):

> The issuance of a provisional order shall be without prejudice to the rights of the parties or the child as adjudicated at the final hearing in the proceeding. Its terms may be revoked or modified prior to final decree on a showing of the facts appropriate to revocation or modification, and it shall terminate when the final decree is entered subject to right of appeal or when the petition for dissolution or legal separation is dismissed.

*Id.*

■ Unlike a final dissolution, where all of the rights and interests of the parties have been fully adjudicated prior to the issuance of the decree, a provisional order is only designed to maintain the status quo of the parties and is not intended to be an ultimate determination of property rights. I.C. 31–1–11.5–7(f). *Wilharms v. Wilharms* (1980), 93 Wis.2d 671, 287 N.W.2d 779. *Prince v. Bryant* (1979), 87 Wis.2d 662, 275 N.W.2d 676. Pursuant to statute, the provisional order terminates when the petition for dissolution of marriage is dismissed. I.C. 31–1–11.5–7(f). When a party dies prior to a grant of dissolution, the cause of action also dies. *Stoup v. Stoup*

(1941), 109 Ind.App. 618, 35 N.E.2d 112. Divorce proceedings terminate entirely with the death of one of the parties. *State ex rel. Smith v. Delaware County Superior Court* (1982), Ind., 442 N.E.2d 978. We hold that when Charles died, the cause of action for dissolution of marriage died, as did the provisional order.

## II.

### EQUITY

The question remaining is whether a beneficial, equitable interest passed to Ann at the time the trial court entered the provisional order.

■ In a final dissolution decree, a trial court has the authority to order a party to secure or maintain a life insurance policy with the minor child of the marriage as beneficiary. *Allen v. Allen* (1985), Ind. App., 477 N.E.2d 104. *Kirk v. Kirk* (1982), Ind.App., 434 N.E.2d 571. When a party to the dissolution dies, having changed the beneficiary on a policy in violation of the final dissolution decree, the court can judicially alter the beneficiary of the policy to conform to the order of the court. *Meece v. Meece* (1986), Ind.App., 495 N.E.2d 827.

■ The justification for the enforcement of this equitable remedy is contractual in nature. Where valuable consideration is exchanged for the future proceeds of a specific policy, equity provides the beneficiary a vested interest in the policy. *Id.* at 828; *Stoddard v. Bankers' Life Co. et al.* (1934), 100 Ind.App. 65, 190 N.E. 628. A property settlement is generally the result of thoughtful and prolonged negotiation between the parties concerning the division of their property and when life insurance is included in the agreement, consideration may be presumed. *Meece, supra; Stoddard, supra.* The same considerations are present when a property division is made by the court after a contested hearing. The court balances the interests of the parties and divides the property accordingly. An award of an interest in life insurance would be part of the distribution of assets. The court could also award an interest in the policy as child support, after assessing the income of each of the parties and the needs of the child. *Allen, supra; Kirk, supra.*

■ The same equitable considerations are not present with a provisional decree. Unlike a final decree which is entered after either a full hearing on all of the issues or after negotiation and agreement by the parties, a provisional order is only designed to maintain the status quo of the parties. I.C. 31–1–11.5–7(f). Thus a final decree divides the parties' property, whereas a provisional order does not.

When a final decree provides that a life insurance policy must be maintained with the minor child as beneficiary, it is after full consideration of the rights of the parties and the needs of the minor child. With a temporary order, the proceedings are almost summary in nature and are designed to meet the temporary needs of the parties due to their newly changed lifestyle.

In the case before us, Charles legally transferred the interest in an existing life insurance policy to Georgia. A month later, while he was in the hospital, the trial court set aside its own grant of dissolution and adopted as an order of the court an agreement signed by Alice and approved by both attorneys. The agreement was prepared by Alice's attorney. It was not signed by Charles. It did not attempt to divide the assets of the parties. Rather, it covered the usual matters included in a temporary order, i.e. custody, child support, possession of premises, financial obligations, and a temporary restraining order covering the marital property. This agreement was not a negotiated settlement and does not merit the same equitable protection as a final disposition of assets.

Further, the provisional order provided that Charles would "obtain or secure" a life insurance policy "in a minimum sum of" $30,000, with Ann to be the beneficiary of "said" policy, and that Charles would "maintain said life insurance policy" during pendency of the action. Charles purchased the Travelers policy several years prior to the entry of the provisional order. The policy had a face value of $10,000. At the

time the provisional order was entered, Charles had already, in good faith and in accordance with the procedural regulations of Travelers, transferred the beneficial interest in the policy to Georgia. There is no language in this provisional order that would lead a reasonable person to believe that it covered existing insurance policies.

We hold that the trial court erred when it ordered a beneficial transfer of the proceeds of the policy. Charles' transfer of interest to Georgia was valid and the provisional order did not create an enforceable equitable interest.

Reversed and remanded with instructions to order the proceeds of the policy paid to Georgia, the designated beneficiary.

REVERSED AND REMANDED WITH INSTRUCTIONS.

BUCHANAN and MILLER, JJ., concur.